Mario Pittoni, J.
The petitioners apply for orders directing the Board of Elections to include their names as candidates for Republican County Committeemen in the City of Glen Cove on the ballot to be presented to the electorate on primary day, September 7, 1961.
In the McQuair case a petition on behalf of Keith S. Sutton and Joseph M. Oakes was filed with the Board of Elections at *134 1:25 p.m. on August 8,1961, and at 4:00 p.m. on the same day, a petition on behalf of Barbara S. Danis and Joseph M. Oakes was also filed with the Board of Elections. Thereafter, on August 11,1961, the committee on vacancies on the Danis-Oakes petition filed with the Board of Elections a “ new designation ” containing the name of Jean McQuair in the place and stead of Oakes. Although later Oakes filed a letter with the Board of Elections stating his preference to appear on the primary ballot with Sutton, he never filed a declination as prescribed by the Election Law (§ 139, subd. 1; § 143, subd. 2). Thereafter, on August 16, 1961, the Board of Elections rejected the “ designation” of Jean McQuair, and in effect ruled that the statement of preference executed by Oakes was not a declination and that there was no vacancy for any committee on vacancies to properly act upon.
In the Marrone case a petition on behalf of John A. Murphy and Lucille Johnson was filed with the Board of Elections at 1:25 p.m. on August 8,1961, and a petition on behalf of Caesar J. Mauti and John A. Murphy was filed with the board on the same day at 4:00 p.m. Thereafter, the Mauti-Murphy committee on vacancies filed a ‘ ‘ new designation ’ ’ with the board on August 11, 1961, purporting to name petitioner Michael Marrone as the candidate in the place and stead of Murphy. Again, there was no declination, and again the Board of Elections rejected the designation of petitioner Marrone on the ground that no vacancy existed.
In neither case was there a vacancy as prescribed by section 140 of the Election Law. There was no declination as prescribed by section 139 of the Election Law and no candidate was dead or otherwise disqualified. The arguments that vacancies exist by ‘1 operation of law ’ ’ are spurious. Election requirements and remedies are purely statutory, and any attempt to call upon the principle of liberal interpretation falls short of including what is not there. Furthermore, such a position negates the purpose and intent of subdivision 6 of section 108 of the Election Law, as to the placing of names of candidates on the ballots and as to priority of filing. Be that as it may, the Sutton-Oakes and the Johnson-Murphy petitions were filed first, no declination of any kind was filed by anyone, and each and every one of the candidates named in the designating petitions involved herein will appear on the ballot. It follows that there was no vacancy to be filled. The Board of Elections was correct in rejecting the purported “ designations ” by the committee on vacancies. The petitions are dismissed.