OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, without costs, and the proceeding remitted to that court for determination of questions of fact, if any.
The reversal at the Appellate Division was recited to have been “on the law and in the interest of justice”. To the extent that it was based on considerations of “interest of justice” it was erroneous. While the Appellate Division does have interest-of-justice jurisdiction in some matters (e.g., CPL 470.15, subd 3, par [c]; cf. 4 Weinstein-KornMiller, NY Civ Prac, par 4017.09), no provision is invited to our attention nor are we aware of any which authorizes the Appellate Division so to dispose of appeals in election cases, great as may be the understandable desire to do so (cf. Matter of Ryan v Board of Elections of City of N. Y., 53 NY2d 515).
To the extent that the court’s disposition in this instance was made “on the law” it was also erroneous and must be reversed and the case remitted to that court for determination of questions of fact, if any, which were raised at the Appellate Division (CPLR 5613). It is undisputed that the original cover sheet on the designating petition here failed to indicate the names and addresses of the candidates for election as members of the county committee and that there was no cover sheet indicating the names and addresses of the candidates for election as district leaders. In each respect there was noncompliance with the mandates of subdivision 2 of section 6-134 of the Election Law. These deficiencies preclude validation of this designating petition. *774 While substantial compliance is acceptable as to details of form, there must be strict compliance with statutory commands as to matters of prescribed content (cf. Matter of Higby v Mahoney, 48 NY2d 15).* We cannot say here, as we have elsewhere, that there has “been compliance with the requirements of * * * the Election Law as to content and substantial compliance with the requirements of that [law] as to form” (Matter of Ruiz v Sachs, 43 NY2d 894, 895). It is wholly immaterial that the courts might reasonably conclude that what they perceive as the ultimate legislative objectives might better be achieved by more flexible prescriptions, prescriptions which might be judged by some to be more equitable. Whatever may be our view, the Legislature has erected “a rigid framework of regulation, detailing as it does throughout specific particulars” (Matter of Higby v Mahoney, 48 NY2d 15, 20, n 2, supra). We can take some solace in the awareness that “There is nothing to indicate that strict compliance with the precise requirements of this statute as interpreted is not readily accomplished on the great bulk of designating petitions. It is only the careless or inadvertent failure to follow the mandate of statute and case law which gives rise to the complaints that come before us” (id., p 20).
Additionally, the undisputed fact that the cover sheets for the designating petitions of candidates for election as judicial delegates were not filed within the time prescribed by statute, although late by only 15 minutes, was a fatal defect (ElectionLaw, § 1-106, subd2).
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order reversed, without costs, and the matter remitted to the Appellate Division, First Department, for further proceedings in accordance with the memorandum herein.

 The Election Law itself recognizes this distinction, for instance, in providing in subdivision 1 of section 6-132 (which contains prescriptions as to both content and form) that a designating petition “shall contain the following information and shall be in substantially the following form” (Matter of Alamo v Black, 51 NY2d 717).