■ In the Matter of VINCENT A. MARCHISELLI et al., Appellants, v ROBERT S. BLACK et al., Constituting the Board of Elections in the City of New York, Respondents. In the Matter of DOMINICK A. FUSCO et al., Appellants, v ROBERT S. BLACK et al., Constituting the Board of Elections in the City of New York, Respondents. — Order, Supreme Court, Bronx County (H. Shapiro, J.), entered November 1, 1984, is reversed, on the law, without costs, and the petition to invalidate the nomination of Richard G. Gugliotta as a candidate of the Democratic Party for the office of Judge of the Civil Court, Bronx County, designation No. 13, is granted; the purported certificate dated October 25, 1984 is declared null and void; and the Board of Elections is directed not to place the name of Richard G. Gugliotta on the ballot and voting machines as a candidate of the Democratic Party for the office of Judge of the Civil Court, Bronx County, designation No. 13, at the general elections to be held November 6, 1984.

A vacancy in the nomination of the Democratic Party for Judge of the Civil Court, Bronx County, designation No. 13, occurred when Judge Ostrau, nominated without opposition at the primary, declined that nomination. A purported certificate of nomination dated September 25, 1984 to fill that vacancy was timely filed by the appropriate authorities of the Democratic Party. But that certificate failed to name any candidate and has been determined by the courts to be insufficient. (*Matter of Fusco v Black* 104 AD2d 773, mot for lv to app den 63 NY2d 609, 921.)

Now a "Certificate Regarding the Nomination of Richard G. Gugliotta" dated October 25, 1984 has been filed by the Executive Committee of the Democratic Party, Bronx County, purporting to reaffirm the nomination of Richard G. Gugliotta to fill the vacancy and to cure the insufficiency in the certificate of September 25, 1984.

The only vacancy in the Democratic Party nomination for Judge of the Civil Court, Bronx County, designation No. 13, occurred when Judge Ostrau declined that nomination. There has been no subsequent occurrence or creation of such a vacancy. In particular, the determination of the courts that the

certificate of September 25, 1984 was insufficient did not *create* a vacancy; that determination was merely a judicial determination that the vacancy caused by Judge Ostrau's declination of the Democratic Party's nomination had not been filled.

Concededly, the time to fill the vacancy caused by Judge Ostrau's declination has expired. Accordingly, considered as an original certificate of nomination, the certificate dated October 25, 1984 is too late. Nor can that certificate be considered as merely an allowable correction of a technical defect or insufficiency in the certificate of September 25, 1984. As the "certificate of nomination" dated September 25, 1984 did not nominate anyone, it was a nullity. The first certificate that purported to nominate a candidate was the certificate of October 25, 1984. Thus the certificate of October 25, 1984 was not just a correction of a previous certificate, it was a new certificate and was untimely.

To the extent that the decision in *Matter of Cunningham v McCloskey* (246 App Div 543) appears to be to the contrary, we think it does not represent the prevailing law. Indeed the principal decision upon which it relies, *Matter of Lauer v Board of Elections* (262 NY 416), has been expressly determined not to represent the present law. (*Matter of Carr v New York State Bd. of Elections.* 40 NY2d 556, 557-558; see, also, *Matter of Gammerman v Board of Elections,* 57 NY2d 888.) Concur — Sandler, Silverman, Fein and Kassal, JJ.

Kupferman, J. P., dissents and would affirm in a memorandum as follows: This court has rejected the position set forth in my previous "Dissent in Part" that this is not a nomination "for another office". As to the remaining contentions, I would affirm.