Stanley M. FRIEDMAN, as Chairman of the Executive Committee of the Democratic County Committee of the County of Bronx, State of New York; Murray Lewinter, as Secretary of the Executive Committee of the Democratic County Committee of the County of Bronx, State of New York; and Richard G. Gugliotta, Plaintiffs,

v.

Robert ABRAMS, as Attorney General of the State of New York; and Robert S. Black, Orlando Velez, James S. Bass, Matteo Lumetta, Ferdinand C. Marchi, Rosemary A. Millus, Joseph J. Previte, Martin Richards, Alice Sachs, and Anthony Sadowski, Commissioners of Elections, constituting the Board of Elections in the City of New York Vincent A. Marchiselli; Dominick A. Fusco; Carol A. Aronoff; and Robert M. Silverson, Jr., Defendants.

No. 84 Civ. 7968 (EW).

United States District Court, S.D. New York.

Jan. 2, 1985.

Stroock & Stroock & Lavan, New York City, for plaintiffs; James Greilsheimer, New York City, of counsel.

Robert Abrams, Atty. Gen., of State of N.Y., New York City, pro se; Richard Liskov, New York City, of counsel.

Frederick A.O. Schwarz, Corp. Counsel for City of New York, New York City, for defendants Commissioners of Elections; Michael C. Harwood, New York City, of counsel.

Egan & Reis, New York City, for defendants Marchiselli, Fusco, and Aronoff; Agostinho Dias Reis, New York City, of counsel.

Burke, Stone & Silverson, New York City, for defendant Silverson; William Burke, New York City, of counsel.

EDWARD WEINFELD, District Judge.

By order of the Appellate Division of the New York State Supreme Court dated November 1, 1984,[1] plaintiff Richard Gugliotta's name was removed from the ballot as the Democratic candidate in the November 6, 1984 election for the office of Civil Court Judge, Bronx County. The order was issued because the Certificate of Nomination filed and accepted at the Board of Elections in the City of New York ("Board of Elections") by the Executive Committee of the Democratic County Committee of the County of Bronx ("Executive Committee") failed to state the name and residence of the nominee as required by section 6–156(1) of the Election Law,[2] although this information appeared in the candidate's executed acknowledgment of acceptance, which, as required by law, was attached to the Certificate. Plaintiffs appealed the order to the New York State Court of Appeals and, in view of the impending election, requested an expedited hearing of the appeal or, in the alternative, a preliminary injunction enjoining defendants from holding the election or a stay of the Appellate Division's order pending disposition of the appeal. The Court of Appeals denied the application for an injunction or a stay, and following the election the court dismissed the appeal as moot. The election, in which Gugliotta's name appeared only as the Conservative candidate and no name appeared as the Democratic candidate, was won by one of the proposed defendants, Robert Silverson, Jr.

Having commenced an action in this Court under 42 U.S.C. § 1983 on November 2, 1984, plaintiffs now move (1) to amend the complaint by adding four defendants, including Silverson and the three petitioners who challenged the Certificate in the state courts, one of whom also was named on the ballot for Civil Court Judge, Bronx County; and (2) for a preliminary injunction setting aside the November 6, 1984 election for the office of Civil Court Judge, Bronx County and directing the governmental defendants to hold a new election for that office with Gugliotta's name on the ballot as the Democratic candidate. In addition, three of the four proposed defendants cross-move to dismiss the complaint as

---

1. *Marchiselli v. Black,* 481 N.Y.S.2d 340 Order and Judgment (N.Y.App.Div., 1st Dep't.1984).

2. N.Y.Elec.Law § 6–156 (McKinneys 1978). Plaintiffs argued in the state courts that § 6–148 governed their case rather than § 6–156. The state supreme court relied upon § 6–156 in first declaring the original Certificate of Nomination insufficient. *Fusco v. Black,* No. 16993/84, slip op. at 7–8 (N.Y.Sup.Ct. Oct. 18, 1984). Thereafter, in holding that plaintiffs' subsequent filing with the Board of Elections cured the defect in the original Certificate, the supreme court noted that regardless of which section governed the result would be the same. *Marchiselli v. Black,* No. 17564/84, slip op. at 2 (N.Y.Sup.Ct. Nov. 1, 1984). In reversing the latter decision and declaring the Certificate a "nullity," the Appellate Division cited neither § 6–156 nor § 6–148. *Marchiselli v. Black,* 481 N.Y.S.2d 340 (N.Y.App. Div., 1st Dep't.1984). On the instant motion, plaintiffs acknowledge that regardless of which section governs "the result in this case should be the same." Brief of Plaintiffs at 7 n. 4. Consequently, and in view of the similarity of the two sections, *see* note 5 *infra,* reference is made throughout to § 6–156.

to them and for sanctions against plaintiffs and their attorneys.

Plaintiffs' motion to amend the complaint is unopposed by the currently named defendants. As to the proposed defendants who all oppose amendment, they make no allegation that adding them as defendants in this action would prejudice any rights they would otherwise have were plaintiffs required to commence a separate action against them. Accordingly, this motion is granted.

As to the motion for a preliminary injunction, plaintiffs make three constitutional claims. First, they claim that the traditional practice of the Board of Elections, repeatedly upheld by the courts of the State of New York, is to accept documents such as the Certificate of Nomination filed by the Executive Committee that are timely and in substantial compliance with the Election Law, or to notify the submitting candidate of any insufficiency and provide him an adequate opportunity to cure it; that plaintiffs relied on this practice when the Board of Elections accepted their Certificate; and that the Appellate Division's order declaring the Certificate a "nullity" after the deadline for filing a new Certificate had passed departed from this practice without prior notice and therefore violated the Due Process Clause of the Fourteenth Amendment. Emphasizing that Gugliotta's name and address appeared on the attached consent form, plaintiffs cite various New York cases for the proposition that substantial compliance with the Election Law is sufficient and that Certificates of Nomination must be read as a whole and traditionally have been accorded liberal construction. However, plaintiffs cite no authorities upholding the validity of a Certificate of Nomination filed with the space for the candidate's name and address left blank. Indeed, in a similar case the New York Court of Appeals held that failure to include in a designating petition the name and address of a candidate for a party position in a party's primary election renders the petition invalid.[3] The Court stated that "[w]hile substantial compliance is acceptable as to details of form, there must be strict compliance with statutory commands as to matters of prescribed content."[4] Section 6–156(1) provides that a Certificate of Nomination "shall contain ... the name and residence of the nominee."[5] Thus, it would appear that the Board of Elections, in accepting plaintiffs' Certificate, not the Appellate Division, in subsequently invalidating it, departed from precedent. Moreover, a practice or policy indulged in by a state administrative agency, such as the Board of Elections, cannot overcome the force of a statutory requirement or invade the power of the state courts to declare the practice void for violation of a statute. In any event, plaintiffs have failed to show that the Appellate Division departed from a "consistent practice." In view of the great deference given state courts in administering election laws,[6] this Court will not quarrel with the Appellate Division's view of the proper construction of the statute.

Plaintiffs' second claim is that the State of New York has impeded their access to the ballot and their right to vote by means of an overly technical application of the Election Law; that this application fails to advance a valid governmental interest; and that therefore the statute as applied is unconstitutional under the First and Fourteenth Amendments. However, there is no allegation that compliance with section 6–156(1) in the first instance is complex, difficult, or burdensome in any way. Rather,

3. *Hutson v. Bass,* 54 N.Y.2d 772, 426 N.E.2d 749, 443 N.Y.S.2d 57 (1981).

4. *Id.,* 54 N.Y.2d at 774, 426 N.E.2d at 750, 443 N.Y.S.2d at 58 (citation omitted).

5. N.Y.Elec.Law § 6–156(1) (McKinneys 1978). Section 6–148(1), which plaintiffs have asserted is the governing provision, *see* note 2 *supra,* imposes a similar requirement: "A vacancy in a designation or nomination ... may be filled by the making and filing of a certificate, setting forth ... the name and address of the candidate newly designated or nominated." *Id.* at 6–148(1).

6. *See Powell v. Power,* 436 F.2d 84, 86 (2d Cir. 1970).

plaintiffs simply failed to comply with the law and their claim is really one for leniency.[7] Nor is there any allegation that the section as applied burdens independent candidates or small political parties, or that it employs a scheme based upon a suspect classification. The requirement that the candidate's name and residence appear on the Certificate of Nomination proper applies equally to all candidates named to fill a vacancy in a nomination. Absent such allegations, the requirement is subject only to a rational basis analysis,[8] which it easily satisfies. By requiring the Certificate of Nomination proper to state the candidate's name and residence, the state denies a nominating committee an opportunity to file a "blank check" to be filled in at the committee's pleasure long after the deadline for filing Certificates of Nomination has passed. To that extent, this requirement may be protection against corrupt conduct. New York has a legitimate, if not compelling, interest in preserving the integrity of its electoral system,[9] and the strict application of section 6–156(1) is rationally related to that end.

Plaintiffs' third claim is that the New York Court of Appeals, by delaying review of the Appellate Division order dated November 1, 1984 past the point of effectiveness, arbitrarily and capriciously deprived plaintiffs of their statutory right of appeal[10] in violation of the Due Process Clause of the Fourteenth Amendment. In essence, plaintiffs' claim is that the Court of Appeals should have expedited their appeal to avoid the mootness problem. Surely there is no time limitation imposed upon the New York State Court of Appeals within which to hear and decide appeals any more than there is upon the United States Supreme Court.[11] In any event, whatever

merit this claim might have, it need not be addressed in view of the finding that plaintiffs' underlying constitutional claims have no merit.

Accordingly, plaintiffs' motion for a preliminary injunction is denied. For the same reasons, the cross-motion to dismiss the amended complaint as to three of the four new defendants is granted; even assuming the truth of the allegations in the amended complaint, plaintiffs have failed to state a claim upon which relief may be granted.[12] The defendants' motion for sanctions is denied.

So ordered.

---

7. *See Moldonado v. Rodriguez,* 523 F.Supp. 177, 180 (S.D.N.Y.1981).

8. *See Unity Party v. Wallace,* 707 F.2d 59 (2d Cir.1983).

9. *See id.* at 63; *Gammerman v. Board of Elections,* 550 F.Supp. 1031, 1033 (S.D.N.Y.1982).

10. N.Y.Civ.Prac.Law § 5601(a)(i), (ii) (McKinneys 1978).

11. N.Y.Civ.Prac.Law § 5521 (McKinneys 1978), which plaintiffs emphasize gives the Court of Appeals "the right and the power to grant a preference" in hearing an appeal, brief of Plaintiffs at 17, expressly leaves the exercise of that power in the "discretion of the court to which the appeal is taken."

12. Fed.R.Civ.P. 12(b)(6).