OPINION OF THE COURT
Thomas P. Flaherty, J.
This case presents the dilemma occasioned by a Board of Elections losing primary designating petitions which had been duly and timely filed. Petitioner, presently an elected member of the Erie County Legislature, and an enrolled Republican, received the Conservative Party indorsement for reelection in the Ninth District. Respondent Mary E. Dixon, an affiliated Conservative, is challenging that indorsement in the primary election scheduled for September 10,1985.
Mrs. Dixon, with the assistance of her husband and a friend, circulated her own petitions, securing a total of 83 signatures while only 22 valid signatures were required. Respondent Dixon secured 34 signatures and her husband obtained 42, with the remaining 7 collected by her friend, James J. Ciando. With those signatures on six separate petition sheets, respondent Dixon made photostatic copies, clipped the originals together and on July 11, 1985 filed the originals with the respondent Board of Elections (Board). A petition filing receipt *288 was duly issued by a proper Board employee. That employee in turn handed the originals to another Board employee for time stamping and to be taken to the microfilm room for processing. Unfortunately, that is the last time the originals were seen and a Board search failed to uncover them.
Upon learning of the disappearance of her original designating petitions respondent Dixon went to the Board offices and spoke with various responsible officers. She was advised to file the photostatic copies, which was effected by her counsel. The Board held the photostatic copies valid and accepted them for filing as the Dixon designating petitions.
At the hearing held before this court respondent Dixon identified the photostatic copies so filed as true copies of the original designating petitions.
This first impression case presents a purely legal issue as none of the testimony or exhibits in evidence were in any fashion challenged or contested. What petitioner urges is a determination that the Board of Elections improperly authenticated Mrs. Dixon’s designating petitions without having either the original petitions or a verified copy thereof before it.
The instant application, limited by the parameters of the order to show cause, does not contest the number or validity of the signatures contained in the photostatic copies. In any event, although counsel for the petitioner examined Mr. and Mrs. Dixon relative to the sufficiency of several signatures, none were shown to be invalid.
The court recognizes the strict construction employed with respect to the Election Law (Matter of Higby v Mahoney, 48 NY2d 15; Matter of Hutson v Bass, 54 NY2d 772). However, petitioner cites no statutory provision with which the respondents failed to comply. Rather, petitioner asks this court to impose the requirement that upon submitting photostatic copies of original petitions to a Board of Elections which has lost the duly and timely filed originals, the Board must be presented with a statement verifying the authenticity of the copies. The court declines to impose such a requirement which more properly falls within the province of the Legislature.
This court’s function is to determine whether the photostatic copies relied upon by the Board in authenticating Mrs. Dixon as a candidate were legally sufficient. In reaching that determination the court relies upon the best evidence rule (Richardson, Evidence § 568 et seq. [Prince 10th ed]) and *289 properly admitted secondary evidence (Richardson, Evidence § 582 et seq. [Prince 10th ed]; see also, CPLR 4539).
On the basis of the uncontroverted evidence, the court finds the following: the original petitions were duly and timely filed with the Board; the photostatic copies are true and accurate copies of the originals; and although the respondents have conducted a sufficiently diligent search, the originals have been lost. Furthermore, there has been no allegation or demonstration suggesting fraud with respect to the existence and filing of the originals, the genuineness of the photostatic copies or the loss of the originals.
Accordingly, the court finds that the authentication of Mrs. Dixon as a candidate to be voted on at the Conservative Party primary election of September 10, 1985 for the office of Erie County Legislator, Ninth District, was valid and the petition is in all respects denied and dismissed.