Seymour **FRIEDMAN**, et al., Plaintiffs,

v.

**BOARD OF ELECTIONS IN the CITY OF NEW YORK**, et al., Defendants.

No. 85 Civ. 6956 (DNE).

United States District Court,
S.D. New York.

Sept. 4, 1985.

Kramer, Levin, Nessen, Kamin & Frankel, New York City (Maurice N. Nessen, New York City, of counsel), for plaintiffs.

Office of Corp. Counsel, Frederick A.O. Schwarz, Jr., Susan R. Rosenberg and Paul Marks, New York City, of counsel, for defendant Bd. of Elections in the City of New York.

John C. Klotz, New York City, of counsel for defendants Jonas, Rosenthal, Bassman, Stahlnecker, Holman & Nadler.

## MEMORANDUM OPINION AND ORDER

EDELSTEIN, District Judge:

Plaintiffs Seymour Friedman ("Friedman"), Geryll Greene and Betty Greene seek an order of this court declaring that the Board of Elections in the City of New York should place the name of Friedman on the ballot for the Democratic Primary Election for the office of Manhattan Borough President to be held on September 10, 1985. A number of Friedman's petitions were ruled invalid by the New York Court of Appeals, *Jonas v. Velez*, 65 N.Y.2d 954, 493 N.Y.S.2d 1019, 483 N.E.2d 1151 (N.Y. 1985), and thus Friedman was removed from the ballot for failure to submit the requisite number of signatures. Plaintiffs claim that their rights under the First and Fourteenth Amendments have been infringed by Friedman's exclusion from the ballot.

## DISCUSSION

In the first instance, I find that I do not need to reach the merits. Plaintiffs are precluded from challenging the constitutionality of the statute and its application in this court. This case requires the court to invoke the doctrine of *res judicata* as applied by New York state. As stated by the Supreme Court: "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City School District Board of Education*, 465 U.S. 75, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984). *Res judicata* bars a subsequent suit between the same parties or their privies where a prior action resulted in a judgment on the merits of the same cause of action. "Res judicata prevents the subsequent litigation of any defense or ground for recovery that was available to the parties in the original action, *whether or not it was actually litigated or determined.*" *Tucker v. Arthur Andersen & Co.*, 646 F.2d 721, 727 (2d Cir.1981) (emphasis added). Although the New York Court of Appeals did not address the constitutional issues raised herein, plaintiffs had the opportunity to press these arguments. The state court action involved the same claims regarding the validity of the 50 or more petitions involving alterations without proper attestations by subscribing witnesses; the very claim raised here. Under New York's law of claim preclusion, plaintiffs are barred from reinstituting this action in state court and are therefore barred here.

Even were plaintiffs not precluded from relitigating the state court ruling, the statute as applied in this case is constitutional. The Supreme Court has "upheld generally applicable and evenhanded restrictions that protect the integrity and reliability of the electoral process itself." *Anderson v. Celebrezze*, 460 U.S. 780, 788 n. 9, 103 S.Ct. 1564, 1570 n. 9, 75 L.Ed.2d 547 (1983). Applying the balancing test set forth in *Anderson v. Celebrezze*, 460 U.S. at 789, 103 S.Ct. at 1571, the state's interest in protecting the electoral process from fraud is very strong and the burden imposed on the candidate in satisfying the statutes requirements is not unduly onerous or oppressive. *Unity Party v. Wallace*, 707 F.2d 59, 62 (2d Cir.1983); *Berger v. Acito*, 457 F.Supp. 296, 299 (S.D.N.Y.1978); *Jonas v. Velez*, 65 N.Y.2d 954, 493 N.Y.S.2d 1019, 483 N.E.2d 1151 (N.Y.1985). (N.Y. Aug. 28, 1985).

It is settled that there must be strict compliance with the Section 6–132 of the Election Law. *Hunter v. Compagni*, 74 A.D.2d 1000, 427 N.Y.S.2d 327, 329 (3d Dep't 1980). Contrary to plaintiffs' assertions, the deficiencies cannot be considered minor. The sections of the statute relating to alterations and subscribing implicate the integrity of the election system. *Compare Farrell v. Board of Elections*, No. 85 Civ. 6099 (JES) (S.D.N.Y. Aug. 19, 1985) (inaccuracy in cover-sheet for petitions only affected state's administrative convenience). The New York Court of Appeals was clear in stating the importance of this requirement. *Jonas v. Velez*, 65 N.Y.2d 954, 493 N.Y.S.2d 1019, 483 N.E.2d 1151 (N.Y.1985) (memorandum opinion). This court defers to New York state's highest court's interpretation of state law.

Finally, any implications on plaintiffs' first amendment rights are the result of plaintiffs' failure to comply with this admittedly valid statute. In this case "it is only the careless or inadvertent failure to follow the mandate of the statute and the case law which gives rise to the complaints that come before [me]." *Hutson v. Bass*, 54 N.Y.2d 772, 773, 443 N.Y.S.2d 57, 426 N.E.2d 749 (1981). There is no basis to grant the relief requested from the above statute, including an opportunity to resubmit the petitions. *Id.* The statute does not envision a second bite at the apple for noncompliance; its provisions are to be strictly construed. *See supra.*

## CONCLUSION

Plaintiffs motion is denied in all respects. This action is dismissed.

SO ORDERED.