OPINION OF THE COURT
Lawrence E. Kahn, J.
Petitioners seek to invalidate the certificate of nomination of the Conservative Party with respect to certain candidates for offices in the Town of East Greenbush. They premise the request for relief upon Election Law § 16-102 (3), asserting the caucus was permeated with such irregularity so as to warrant its invalidation.
On September 9, 1985 at 7:00 p.m., a caucus for the purpose of nominating candidates for various public offices in the Town of East Greenbush was convened by the Conservative Party. Petitioners do not challenge the notice afforded party members. Rather, they assert that irregularities occurred at the caucus in that a ballot was denied to at least one party member who arrived after the roll call had been taken and ballots passed out.
Notice of the caucus indicated that it would be convened at 7:00 p.m. Shortly after the appointed hour, a roll call was taken, preliminary requirements completed and nominations *988 for town offices made. Ballots were distributed to all persons whose name appeared on the roll call. Subsequently, it was determined that one party member had arrived after the roll call and had not received a ballot. After several minutes of confusion, it was decided that only those persons who had been present when the caucus was convened and whose names appeared on the roll call would be allowed to vote. Thereafter, several additional party members also arrived. They too were excluded from the balloting procedure.
Election Law § 6-108 contains the requirements for conducting caucuses for nominations of candidates for town offices. The statute sets forth only the broadest guidelines, indicating that in towns in a county having a population of less than 750,000 inhabitants (the case herein), nominations for candidates for town offices may be made either by caucus or primary election at the option of the county committee. The statute mandates certain notice requirements specifying the time, place and purpose of the caucus. It establishes other guidelines and allows county committees to prescribe other rules to govern the conduct of such caucuses.
On the record before it, the court cannot conclude that irregularities in the challenged caucus render it impossible to determine who rightfully was nominated. While there was perhaps confusion and even disagreement upon the issue of whether late arrivals would be allowed to participate in the balloting for party nominees, this issue was resolved by limitation to those on the roll call at the convening of the caucus. Such a result, while admittedly denying the opportunity to participate to late arrivals, is a determination within the province of the caucus itself. "[Ijnternal issues arising within political parties are best resolved within the party organization itself and judicial involvement should only be undertaken as a last resort” (Matter of Bachmann v Coyne, 99 AD2d 742). Statutorily, the prerequisite to judicial intervention in the internal voting procedures of a political party are twofold (Election Law § 16-102 [3]). Initially, it must be established that a fraud or irregularity has occurred. Upon such a finding, petitioner then has the burden of establishing that this activity rendered it impossible to determine who was rightfully nominated. Herein, petitioners have failed to meet their burden with respect to the first requirement. They acknowledge that no fraud occurred and have failed to establish that the balloting procedure was irregular. Establishing the mechanism for balloting is within the realm of the caucus and shall *989 not be disturbed absent a showing that a statutorily or constitutionally protected right has been abused. "The court may not exercise a dispensing power based on the principles of abstract justice fitting the particular case. It may only see that the requirements of the law are complied with.” (Ponsrok v City of Yonkers, 254 NY 91, 95.)
The petition shall be dismissed.