OPINION OF THE COURT
Mary Ann Killeen, J.
This action was commenced by the above-mentioned petitioners pursuant to the authority of Election Law article 16, seeking to compel the respondent, Erie County Board of Elections to validate a certificate of nomination and acceptance filed by the petitioner, Rosemarie LoTempio, as the candidate of the Republican Party for the public office of council member, in the University Ward of the City of Buffalo, for the November 5, 1985 general election.
The essential facts are not in dispute. Republican designating petitions were not filed with the Erie County Board of *456 Elections for the Republican nomination to the councilmanic position in the University Ward. Similarly, no petition was filed requesting an opportunity to write in a name for the Republican nomination to the position. Therefore, as no candidate was so designated, the primary election of September 10, 1985 resulted in the absence of a nominated candidate for the Republican Party.
Thereafter on or about the 17th day of September 1985, a majority of the Committee to Fill Vacancies for the New York State Republican Party filed a certificate with the Erie County Board of Elections pursuant to the provisions of Election Law § 6-148 purporting to nominate petitioner LoTempio as the Republican candidate for council member in the City of Buffalo University Ward. Petitioner LoTempio filed an acceptance of said nomination as the Republican candidate. It should be noted that respondent Amos contends that the acceptance is invalid, in any event.
Petitioners claim that they acted under the authority of New York State Republican Committee rule 20 which provides, in part: "In the event that there shall exist a vacancy in any designation or nomination by the Republican Party for any public office, or in any party position, the Chairman of the New York Republican State Committee upon the request of the appropriate County Chairman or Chairmen is authorized and empowered to fill such vacancy and to file a certification thereof in accordance with this Rule, notwithstanding that there may be an alternative method whereby such vacancy might otherwise be filled.”
On the return date of petitioners’ order to show cause relating to the above-mentioned petition, Timothy McCarthy, Esq., attorney on behalf of Archie Amos, the candidate of the Democratic Party for council member in the University Ward, appeared before this court seeking to be joined as a party to the action, and thereafter, opposing the relief requested by the petitioner on various grounds. This court, after arguments of counsel on the issue of joinder, entered an order dated October 21, 1985 granting the motion of the applicant, Archie Amos, under the permissive joinder provision of CPLR 1002.
As mentioned above, the essential facts in these proceedings are not an issue and, therefore, the necessity for testimony of any of the parties or other witnesses was obviated. The issues presented in this court involve questions of law, statutory interpretation and precedential case law and the court has *457 reviewed all documentary evidence, cases and memoranda of law provided by the counsel for the respective parties.
Petitioners bring this proceeding pursuant to Election Law § 16-102 and recite in their petition "That a duly constituted and authorized majority of the Committee to Fill Vacancies for the New York State Republican Party on or about 17th day of Sept. 1985, timely filed a certificate pursuant to Section 6-148 of the election law designating petitioner rosemarie lotempio to fill the vacancy caused by there being no Republican Candidate for this office, and an acceptance was duly filed by said rosemarie lotempio.” Petitioners argue that no nomination was made in the primary election for the Republican indorsement for the office of council member in the University Ward in the City of Buffalo and that Election Law § 6-156 (1) provides for nominations other than by way of the primary election, as follows: "Certificates of nominations, made otherwise than at a primary, shall contain the name of the political party making the nomination, the title of the office for which such person is nominated, the name and residence of the nominee, the committee, if any, appointed to fill vacancies in the nominations, and shall be signed by the presiding officer and a secretary of the body making the nomination.” Counsel for the petitioner further argues that in accordance with rules of the Republican State Committee, the Chairman may make a nomination where a vacancy exists in a public office and that in accordance with its own rules, the New York State Republican Committee prepared this "Certificate of Nomination for the City of Buffalo, University Ward”, filed same with the Board of Elections and that Rosemarie LoTempio accepted her "acceptance of designation”. Further, the Erie County Board of Elections received a duly executed "Certificate of Authorization” from New York State Republican Committee. Petitioner contends that no objections have been filed and no challenge has been made to the validity of these documents. Further, it is contended that petitioner Rosemarie LoTempio is the duly qualified and aggrieved candidate, pursuant to Election Law § 16-102. Therefore, petitioner requests an order of this court validating the certificate of nomination and acceptance of petitioner LoTempio as the Republican candidate and for further judgment directing the Board of Elections to place the name of Rosemarie LoTempio upon the official ballots and voting machines. Respondents argue that the petitioners have failed to state a cause of action since neither section 6-148 nor any other provision of the Election Law of *458 the State of New York permits a party to file a certificate of nomination pursuant to the provisions of the Election Law in such a case. Further, it is argued that section 6-148 is inapplicable to the instant case since that section describes filling of vacancies in a designation or nomination caused only by specific events, i.e.: death, disqualification, or a tie vote at the primary election.
The facts in the instant case do not qualify for this treatment since none of these events are present, and no vacancy occurs in the absence of these specific events. In anticipation of respondents’ arguments, petitioners’ counsel ably but erroneously attempts to distinguish the facts in this case from the authority of Matter of Dyte v Lawley (31 Misc 2d 182, affd 14 AD2d 827 [4th Dept]) which held that there was no vacancy under the Election Law where a party had failed to nominate a candidate to such office at the primary. The facts in this case are the same as in Dyte where the party had failed to designate a candidate at its primary and subsequently attempted to nominate a candidate. Petitioners’ argument that todays party rules distinguish the instant case from Dyte disregards the fact that the Election Law, by its very terms, is exclusive and that no party rules can be contrary or supersede the Election Law (see, Election Law § 1-102; art 6).
The issue is clearly whether a vacancy exists which can be filled by the method prescribed in the party rules. The vacancy existing in the present case is not one of the vacancies allowed in Election Law § 6-148.
Where there is no vacancy, other than one as outlined in section 6-148, there can be no substitution by certificate of nomination. (Matter of Danis v Commissioners of Bd. of Elections, 30 Misc 2d 133, affd 14 AD2d 599, affd 10 NY2d 802.)
Where the underlying nomination has been voided, any subsequent attempt to fill the position is invalid, since no vacancy exists. (Gdanski v Rockland County Bd. of Elections, 97 AD2d 744; Matter of Marchiselli v Black, 105 AD2d 603.)
A valid nomination is a prerequisite to creation of a vacancy, for which a subsequent certificate of nomination can be made. (Matter of DiLorenzo v Heffernan, 187 Misc 766, affd 271 App Div 802, affd 296 NY 687, and cited as controlling in Matter of Fotopoulos v Board of Elections, 45 NY2d 807; cf. Matter of Owens v Sharpton, 45 NY2d 794.)
There is no vacancy in which a candidate may be nominated and the petitioners’ motion for any order directing Rosemarie *459 LoTempio to appear as the Republican candidate for University District Council member must be denied.
Petitioners also raise a Federal constitutional issue in which it is claimed that the enforcement of any prohibition on the implementation of Republican State Committee rule 20 violates the right of association under the 1st Amendment. In support of that position, they rely upon Democratic Party of U. S. v Wisconsin (450 US 107) and Republican Party v Tashjian (770 F2d 265 [2d Cir 1985]).
There is no question here that the Election Law would have permitted the Republican Party to do just as they wish now to do — namely, to make Rosemarie LoTempio the Republican candidate for council member in the University Ward. However, to have done so, that party was required to follow the procedures of the Election Law concerning circulating and filing of designating petitions, authorizations and acceptances (see generally, Election Law art 6). And, likewise, it would need to be performed in a timely fashion, under the procedure outlined in those sections.
Petitioners are really suggesting that because of their failure to so proceed in a timely fashion, that the enforcement of the procedure set up under the Election Law is unconstitutional.
There is no allegation that complying with the petition procedure is complex, difficult or burdensome. Rather, the petitioners simply failed to comply with the required procedure. No infringement of constitutional rights thus arises. (Friedman v Abrams, 600 F Supp 596.)
It would appear rather that: "the requirements were clearly applied uniformly among all candidates. This is a clear case of the [petitioners] being unhappy with the straightforward application of a valid state law.” (Moldonado v Rodriguez, 523 F Supp 177, 180.)
Further, it has been held: "What the Constitution condemns are restrictions that, without compelling justification, significantly encroach upon the rights to vote and to associate for political purposes * * * [t]he State provided an alternative by which the individuals] * * * could have exercised their rights to vote and politically associate.” (Unity Party v Wallace, 707 F2d 59, 62 [2d Cir 1983].)
Here, as distinguished from the Tashjian and Wisconsin cases (supra), there was an alternative open, if timely accomplished. It was not, and no constitutional deprivation arises.
*460 As to the issue of whether the opposing candidate Amos is a necessary party, it is true that a candidate whose designation or nomination is at issue, is a necessary party. (Matter of Sahler v Callahan, 92 AD2d 976.)
However, applicable here is the general rule that rival candidates, who are not themselves objectors, are not necessary parties. (Matter of Goldstein v Carlsen, 59 AD2d 642; Matter of Flowers v Wells, 57 AD2d 636.) Nonetheless, the court joined candidate Amos as a party respondent under the rules of permissive joinder by order dated October 21, 1985.
There is no need to address the issue of the validity of the acceptance filed, as raised by respondent Amos.
For the reasons stated, the petitioners’ requested relief is denied. The Board of Elections is directed not to place the name of the petitioner Rosemarie LoTempio on the ballot as the Republican candidate for council member in the University Ward of the City of Buffalo.