OPINION OF THE COURT
Robert E. Whelan, J.
PROCEEDING
This matter was previously before this court on July 24, 1997 and an order was entered dismissing the matter because the petitioner had failed to properly commence the proceeding. That record is incorporated by reference into this memorandum as the underlying matter remains the same.
Petitioner again initiates an action wherein he requests a declaration of the rights of the parties. In this purported CPLR article 78 proceeding petitioner, Thomas J. Smith, seeks to have this court enforce a rule of the by-laws of respondent Erie County Democratic Committee (ECDC) such that (1) respondent Anthony M. Masiello (Masiello) has automatically forfeited the endorsement of the ECDC for the office of Mayor of the City of Buffalo upon his acceptance of the Republican endorsement, (2) declare that respondent Executive Committee of the ECDC acted in excess of its authority in waiving article 2, § 5 (B) of the rules of the ECDC, (3) that the ECDC had no authority to take any affirmative actions on behalf of the Masiello candidacy and any such actions taken be deemed null and void, and (4) preclude the ECDC from taking any action in support of the Masiello candidacy.
In support of his legal position petitioner cites the rules of the ECDC and Krycia v Erie County Democratic Comm., an unreported Erie County matter from 1996. Specifically article 2, § 5 (B) states in pertinent part, "A candidate for endorsement or nomination is disqualified from such consideration if he or she receives the Republican endorsement, and automatically forfeits any Democratic endorsement if he or she subsequently accepts a Republican endorsement, nomination or authorization.”
Additionally article 16, § 1 of the rules of the ECDC provides that amendments to the rules are governed by Election Law *99 § 2-114 which requires amendments to be made by a majority vote of the members of the ECDC. In Krycia (supra) the court found that Election Law § 3-204 (2) controlled and that "local rules cannot contravene the express statutory mandate”. Therefore, the ECDC and not its Executive Committee had the sole authority to file a certificate of party recommendation with the clerk of the local legislative body for the purposes of filling the position of Commissioner of Elections. It declared the actions of the Executive Committee to be null and void.
Petitioner requests the court to apply the finding of Krycia (supra) to the matter now before the court and to find in his favor.
Respondents oppose the requested relief with notices of motions to dismiss on various grounds.
BACKGROUND
It is uncontroverted that article 2 of the rules of the ECDC creates the Executive Committee and imports it with certain powers and authority. Section 5 (A) of that article grants the express authority to the Executive Committee to recommend for designation for the public offices with the City of Buffalo. Said Executive Committee recommended Masiello for the Office of Mayor, said nomination to be made after a primary election to be held in September 1997. Thereafter, the Erie County Republican Committee also designated Masiello to be its candidate at that same primary election. Both parties filed designating nominating petitions with the Erie County Board of Elections on behalf of Masiello in accordance with the Election Law. Thereafter petitioner brought this article 78 proceeding.
COMMENTARY
This matter has been variously before the court since July 24, 1997 without the benefit of a ruling on the merits due to the procedural posture of the case. However, the import of this matter goes beyond the litigants. Unlike a lawsuit between private parties, this matter affects the voters of the City of Buffalo, the citizenry and population at large. The result of this lawsuit could very well affect the governance of the City. Therefore, it is incumbent upon the courts, as an independent branch of government representing the interests of the citizenry, to conduct its business in an impartial, forthright and timely manner. The voters and taxpayers deserve efficient, effective and real world decisions in real time. As this jurist *100 reviews the papers before the court, there could exist the possibility that after appellate review the outcome of an open election by the public could be called into question or compromised. While for the reasons as stated below that is not the outcome that this jurist believes is the correct legal outcome, it is nonetheless the possible relief that the petitioner requests on the timetable that the petitioner argues applies. As detailed below, this court has determined that this matter is indeed an Election Law case. Therefore, the Supreme Court is "vested with jurisdiction to summarily determine any question of law or fact * * * which shall be construed liberally” (Election Law § 16-100 [1]).
Accordingly, this court hereby renders its decision on both the procedural merits and the substantive claim. Further, this court is issuing this decision in the form of an order and judgment to enable a more speedy appellate review if the litigants and those courts chose to do so.
ANALYSIS
(1) Rules of the Erie County Democratic Committee
The court begins with the statutory framework as codified in Election Law § 6-120, entitled "Designation and nomination; restrictions”. That statute sets forth the manner and method by which candidates are designated by the political parties. There is no disagreement that the provisions of this statute were adhered to by both the Democratic and Republican Parties of Erie County.
Case law interpreting this statute is clear that the rules of the various political parties are to be declared invalid if those rules are more restrictive than the requirements set forth by the New York State Legislature. In Matter of Farley v Mahoney (130 Misc 2d 455, 458), the court stated, "Petitioner[ ] * * * disregards the fact that the Election Law, by its very terms, is exclusive and that no party rules can be contrary or supersede the Election Law (see, Election Law § 1-102; art 6).”
This interpretation of the statute has been set forth by the Court of Appeals. In Matter of Grancio v Coveney (60 NY2d 603 [1983]) a rule of the Conservative Party which was found to be more restrictive than Election Law § 6-120 was deemed invalid (see also, Matter of Rosenthal v Harwood, 35 NY2d 469, 475).
Party rules that are more restrictive than the Election Law have been struck down in other contexts such as holding party position (Matter of McSweeney v Republican County Comm., 61 *101 Misc 2d 869 [1970]). Rules of the various party committees have long been held by New York courts to be superseded by the express provisions of the Election Law (see, Blaikie v Knott, 277 App Div 461 [1950]). Indeed, even the case that petitioner cites as authority for his proposition, Krycia (supra), ultimately was decided on the same issue as before this court, namely that local rules cannot contravene or supersede the Election Law.
Petitioner also requests that based upon Election Law § 2-114 the court intercede in the decision making and the conduct of the affairs of the Erie County Democratic Committee and its Executive Committee. However, this section, in permitting party committees to formulate their own rules, manifests legislative intent that there shall be no judicial interference with party government (see, Matter of Leichter v Prendergast, 32 Misc 2d 234 [1961]). " '[I]nternal issues arising within political parties are best resolved within the party organization itself and judicial involvement should only be undertaken as a last resort’ (Matter of Bachmann v Coyne, 99 AD2d 742)” (Matter of Engel v Tutunjian, 129 Misc 2d 987, 988). "The court may not exercise a dispensing power based on the principles of abstract justice fitting the particular case. It may only see that the requirements of the law are complied with” (Ponsrok v City of Yonkers, 254 NY 91, 95).
The court notes that article 9, § 2 of the ECDC rules provides for a grievance review that members, such as petitioner, may avail themselves. There is nothing on the record to indicate whether the petitioner filed a formal grievance as provided for in the rules. While this in and of itself is not an absolute bar to the petitioner seeking redress in the courts, based upon the above it is the course which petitioner should have pursued.
The underlying public policy and purpose of these specific statutes and the decisional case law provide important foundations to our system of politics and government. Requirements for candidates to public office beyond those enacted by the Legislature, and interference in the free actions of political parties, would have restrictive and chilling effects on the free flow of the democratic process and our elections and is repugnant to our form of government.
 Accordingly, this court finds that the rule of the ECDC, article 2, § 5 (B) is more restrictive than section 6-120 of the Election Law and therefore must be deemed invalid and unenforceable, and that pursuant to section 2-114 of the Election Law that, absent a statutory violation, the internal *102 administration of the party organization is beyond the reach of the courts.
Based upon the foregoing the petitioner’s application is denied in all respects, except to the extent that this court declares that Anthony M. Masiello did not automatically forfeit the endorsement of the Erie County Democratic Party when he accepted the endorsement of the Erie County Republican Party, and that such rule of the Erie County Democratic Party is hereby deemed null and void.
(2) CPLR Article 78 or Election Law Proceeding
"Although Article 78 is the proper reference point for judicial review of most administrative action in New York, the statutory scheme governing the particular agency should be consulted for potential variations. For example, the relevant statute might contain an independent provision for judicial review.” (Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C7801:l, at 25.)
Article 16 of the Election Law (entitled "Judicial Proceedings”) codifies the proceedings and methods for judicial review which are distinct from those of CPLR article 78. Indeed, Election Law § 16-118 (inapplicable to the case at point) is the only provision that specifically authorizes proceedings by the article 78 method.
In construing statutes courts are directed that a special law is not repealed by a general law unless there is an irreconcilable inconsistency (McKinney’s Cons Laws of NY, Book 1, Statutes § 395), and that avoidance of objectionable consequences should be sought (McKinney’s Cons Laws of NY, Book 1, Statutes ch 6, generally). Here, the Legislature has specifically stated that election cases "shall have preference over all other causes in all courts” (Election Law § 16-116), and has set forth a statutory framework to direct the procedure, separate and distinct from article 78.
Further, in the reply affidavit to notice of motion to dismiss dated August 25, 1997 the petitioner’s attorney states, "In reality the Petitioner is, in fact, challenging the capacity of Respondent Masiello to be the endorsed Democratic candidate” (para 11), and whether or not he should be "a candidate to carry forward a Party endorsement into a primary election” (para 12).
It seems clear to this jurist that this is an Election Law case. To decide otherwise would create a situation where an *103 article 78 proceeding could be filed after a primary election but within 120 days of a party committee meeting seeking to vitiate a candidacy after the voting public has cast its ballots. Clearly this is not a result envisioned or endorsed by the Legislature.
respondents’ motions to dismiss
(1) Both respondents Pigeon and Masiello move to dismiss on the grounds that the notice of petition as filed with the Erie County Clerk failed to specify a return date and time. "Additionally, the failure of petitioners to include a return date on their petition is a jurisdictional defect (see, Travis v New York State Dept. of Envtl. Conservation, 185 AD2d 714)” (Matter of Krenzer v Town of Caledonia Zoning Bd. of Appeals, 233 AD2d 882, 883). The Krenzer case is noteworthy to this jurist in that the Fourth Department added this element where it had sufficient other grounds before on which it ruled.
Respondents’ motions are hereby granted.
(2) Respondent Masiello further moves to dismiss on the grounds that petitioner failed to name the Erie County Board of Elections and Tim P. Franczyk as necessary parties. As previously stated this court believes that this is an Election Law case and as such, both are necessary parties. Respondent Masiello’s motion is granted.
(3) Respondent Masiello states that an article 78 proceeding cannot be maintained against him because he is not acting in any capacity subject to article 78 relief. While the court agrees with this analysis, this motion is denied as moot, since this court has found that this matter is not subject to an article 78 proceeding.
(4) Respondent Masiello seeks the court to declare that petitioner Smith failed to file specific objections pursuant to Election Law § 6-154. Petitioner argues that the Election Law mandates do not apply. For the reasons as stated above, the respondent’s motion is granted.
(5) Respondent Masiello moves to dismiss because the timetable of the Election Law was not adhered to by the petitioner. This motion is granted.
(6) Respondent Masiello moves to dismiss on the grounds that petitioner Smith cannot seek equitable relief because he comes before the court with unclean hands. Respondent asserts that because Mr. Smith is a supporter of another candidate, who in the past has accepted the Republican and *104 Democratic Party nominations, he therefore is barred from seeking such relief. The court finds that since Mr. Smith himself has not engaged in this activity he is not barred from seeking equitable relief. Respondent’s motion is denied.
(7) Respondent Masiello asserts the doctrine of laches in that petitioner failed to file the lawsuit by the July 24, 1997 deadline of Election Law § 6-158 (2). Respondent’s motion is granted.
While respondents have reserved their rights to serve an answer in the above proceedings after making their motions, based upon the court’s decision on the merits as outlined above, those further actions are deemed moot at this time unless and until a decision from the appellate courts directs otherwise.