■ In the Matter of ALAN FLACKS et al., Appellants, v BOARD OF ELECTIONS IN THE CITY OF NEW YORK, Respondent. [970 NYS2d 763]—

Judgment, Supreme Court, New York County (Paul Wooten, J.), entered August 9, 2013, which granted the motion to confirm the referee's report and denied the application to validate the candidacies of appellants for the Democratic party nomination of judicial delegate and alternate judicial delegate, unanimously reversed, on the law, without costs or disbursements, the motion denied and the petition to validate granted, and the Board of Elections Directors is directed to place the names of petitioner-appellants on the ballot.

It is undisputed that, due to a scrivener's error, the amended cover sheet accompanying the designating petitions filed for these candidates misidentified three volumes of signatures. Volume numbers NY 1300553, NY 1300554 and NY 1300555 were erroneously recorded on the amended cover sheet as NY 1300053, NY 1300054 and NY 100055. The incorrect numbers did not refer to any existing volumes. The amended cover sheet otherwise correctly identified five volumes which, without considering any of the signatures contained in the misidentified volumes, contained approximately 2,600 signatures, greatly exceeding the 500 valid signatures otherwise required to qualify each candidate for the ballot.

There is no claim that the "mistake" defrauded or misled the public or was used for any improper purpose. In fact, the original cover sheet correctly identified these volumes, notwithstanding other errors that required amendment. Additionally, the

ledger maintained by the Board of Elections correctly identified all of the volumes in the petition. The discrepancies in the amended cover sheet do not implicate policy considerations that override the right of the electorate to fully exercise its franchise (*see Matter of Staber v Fidler*, 65 NY2d 529 [1985]). Our decision in *Matter of Feliciano v Guastella* (98 AD3d 434 [2012]), relied upon by the Board of Elections, is factually distinguishable.

We find that, under the circumstances of this case, it was improper for the Board of Elections to conclude that the scrivener's error was a fatal defect, rendering these candidates ineligible for the ballot. Concur—Richter, J.P., Manzanet-Daniels, Feinman, Gische and Clark, JJ.