Matter of Alayeto v Commissioners of Elections of the City of N.Y. (2025 NY Slip Op 02749)

Matter of Alayeto v Commissioners of Elections of the City of N.Y.

2025 NY Slip Op 02749

Decided on May 07, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 07, 2025

Before: Moulton, J.P., Friedman, Scarpulla, O'Neill Levy, Michael, JJ. 

Index No. 154864/25|Appeal No. 4455|Case No. 2025-02595|

[*1]In the Matter of Clarisa M. Alayeto, Appellant,
v
Commissioners of Elections of the City of New York et al., Respondents. Alexander Lorenzo Reyes Pineda et al., Intervenors-Respondents.

Vasquez Attorneys at Law, P.C., Bronxville (Jorge L. Vazquez of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel of the City of New York (Elina Druker and Susan Paulson of counsel), for Commissioners of Elections of the City of New York and The Board of Elections in the City of New York, respondents.
Law Office of Aaron S. Foldenauer, New York (Aaron S. Foldenauer of counsel), for Alexander Lorenzo Reyes Pineda and Tomas Ramos, intervenors-respondents.

Judgment, Supreme Court, New York County (Jeffrey H. Pearlman, J.), entered April 28, 2025, which, among other things, denied petitioner's application to validate a designating petition pursuant to Election Law § 16-102, unanimously reversed, on the law, without costs, the petition to validate granted, and the Board of Elections of the City of New York is directed to place appellant's name on the ballot for the June 24, 2025, Democratic Primary Election.
By letter dated April 3, 2025, respondent Board of Elections (BOE) notified Clarisa Alayeto, a candidate for the position of Member of the New York City Council from the 8th Council District, that she failed to comply with the New York State Election Law, New York State Board of Election Regulations, and/or the Board's Guidelines because the "[z]ip code on petition does not match cover sheet." BOE allowed her to cure the defect by filing an amended cover sheet within three business days of the letter.
Alayeto timely filed an amended cover sheet that cured the defect in the zip code. However, unlike her original cover sheet which reflected her name as "Clarisa" M. Alayeto, the amended cover sheet misspelled her name as "Claris" M. Alayeto. In addition, unlike her original cover sheet, which printed her agent's name "Jorge L. Vasquez" below his signature, the amended cover sheet did not include the agent's printed name below his signature although the signature is legible, and Vasquez's name is printed above the signature, as "Contact Person to Correct Deficiencies."
By letter dated April 11, 2025, BOE notified Alayeto that she would not appear on the June 24, 2025, Democratic Primary Election ballot as a candidate for the position of Member of the New York City Council from the 8th Council District. The letter stated the reason as "[t]he amended cover sheet had errors not present in the original filing."
By order to show cause and verified petition filed April 15, 2025, Alayeto sought a declaration that her designating petition was valid and that she should be reinstated to the ballot. She named and served BOE. She did not name and serve two objectors who filed general objections to Alayeto's designating petition with BOE on April 7, 2025. However, the intervenors did not serve Alayeto with their general objections and their specifications of objections until April 14, 2025, when they did so by FedEx. The record reflects that Alayeto received the FedEx packages on April 18, 2025, three days after she filed this proceeding to validate her petition.
After the objectors sought to intervene in the underlying proceeding Supreme Court dismissed Alayeto's petition on the sole ground that she failed to join the intervenors as "necessary part[ies]" under CPLR 1013 (permissive intervention). Alayeto maintained that the dismissal violated her due-process rights because she did not know the identity of the intervenors prior to filing this proceeding. On appeal, BOE seeks affirmance on alternative grounds [*2]not addressed by the court.
Supreme Court erred in dismissing the petition. CPLR 1001 establishes rules governing when the nonjoinder of a party requires dismissal of an action or proceeding. CPLR 1001 (a) provides that necessary parties are those who ought to be joined to afford complete relief between the parties, or those whose interests might be inequitably affected by a judgment in the action. The intervenors satisfied neither criteria.
Moreover, Supreme Court erroneously concluded that the intervenors complied with Election Law § 6-154(3)(b). That provision states:
"No specifications of objections to any petition, certificate of nomination or ballot access document will be considered unless the objector filing the specifications personally delivers or mails by overnight mail a duplicate copy of the specification to each candidate for public office named on the petition. Objections and specifications to a petition for an opportunity to ballot must be served on the persons named as the committee to receive notices. In the case of a petition containing candidates for party positions, service of the specifications shall be made on either the named candidates or the first person named on the petition's committee to fill vacancies. Service shall be made on or before the date of filing of any specifications with the officer or board. Proof of service shall accompany the specifications or be received by the end of two business days following the filing of the specifications, whichever is later."
Supreme Court found that the intervenors' service on Alayeto "on or before the date of filing of any specifications with the officer or board" on April 18, 2025, satisfied this provision. However, the statute also provides "no specifications of objections" can be "considered" until after service is made. Here, BOE held a public hearing on April 11, 2025, and rejected the designating petition on that date, prior to the intervenors' service of their objections on Alayeto. Thus, the intervenors did not comply with Election Law § 6-154(3)(b).
Respondent's alternative ground for affirmance is unavailing. Respondents contend that Alayeto's validating petition was properly denied. Respondents note that Alayeto had three days to cure the zip code error in her initial cover sheet and she did so. However, she also made two new errors in the amended cover sheet by misspelling her name and not including the agent's printed name below his signature. Contrary to respondents' position these were not fatal defects. Rather, the defects in the cover sheet constituted a "scrivener's error" and the cover sheet substantially complied with the Election Law (Election Law § 6-134[2]; see e.g. Hutson v Bass, 54 NY2d 772, 774 [1981]; Matter of Ruiz v Sachs, 43 NY2d 894, 895 [1978]; Matter of Merber v Board of Elections, 172 AD3d 624 [1st Dept 2019]; Matter of Flacks v Board of Elections in the City of N.Y., 109 AD3d 423 [1st Dept 2013], lv denied 21 NY3d 861 [2013]).
We have [*3]considered respondents' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 7, 2025