◼ In the Matter of JOSEPH DOLAN, JR., Respondent, v ALICE PLATT, Appellant, and RAYMOND KINLEY et al., Constituting the Board of Elections of the County of Albany, et al., Respondents, (And Five Other Proceedings.) —Appeals from judgments of the Supreme Court at Special Term, dated October 24, 1979 in Albany County, which granted petitioners' applications, in proceedings pursuant to section 16-102 of the Election Law, seeking to declare invalid the independent nominating petitions nominating appellants as candidates of the Responsive Government Party for the office of County Legislator in five different Legislative Districts within the County of Albany in the November 6, 1979 general election. The dispositive issue on each of these appeals is whether a nominating petition for a County Legislator is invalid where the members of the committee to fill vacancies listed in the petition reside within the county but not the legislative district to be represented by the candidate. We are of the view that it is and are to affirm. Section 6-138 of the Election Law specifically requires that the signatures on an independent nominating petition be of "registered voters of the political unit for which a nomination is made". Similarly, section 6-140 of the Election Law sets forth the form for independent nominating petitions and requires that each signer state that "I am a registered voter of the political unit for which a nomination for public office is hereby being made". The statute further requires each signer to appoint a committee to fill vacancies by inserting on the petition "the names and addresses of at least three persons, all of whom shall be registered voters within such political unit". The requirement that the members of the committee to fill vacancies be "voters within such political unit" was added in 1935 (L 1935, ch 955, § 8), and by enacting such an amendment, the Legislature is deemed to have intended a material change in the law (McKinney's Cons Laws of NY, Book 1, Statutes, § 193, subd a). Accordingly, we conclude that where the members of the committee to fill vacancies listed in the nominating petition do not reside within the political unit for which the nomination is being made

the legislative district of candidate being nominated by the petition, the petition, in effect, contains no committee to fill vacancies, and where there is no committee to fill vacancies, the petition is invalid *(Matter of Richter v Thaler,* 11 NY2d 722). The judgments of Special Term should, therefore, be affirmed. Judgments affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Herlihy, JJ., concur.