OPINION OF THE COURT

Per Curiam.

The requirement of subdivision 2 of section 6-132 of the Election Law that the subscribing witness to a designating petition be “a resident of the political subdivision in which the office or position is to be voted for” is a substantive legislative requirement which may not be relaxed by the courts. I'he signatures contained on a petition witnessed by a nonresident of the political subdivision involved may not be *517 counted in determining whether a sufficient number of voters has validly signed a candidate’s designating petition. The order of the Appellate Division should, therefore, be reversed and the judgment of Special Term should be reinstated, without costs.
At issue is the validity of the petition designating Dorothy Ryan as a candidate for the Democratic Party nomination for member of the city council for the third council district. Fifteen hundred signatures are required for such a designation. The parties stipulated that 1,161 signatures were valid and the referee validated 110 more about which no question is raised before us. He also validated 368 signatures obtained by Charles Bayor, thus bringing the total to 1639.
Until eight days prior to the first day to circulate petitions, Charles Bayor resided in the third council district. Though Bayor continued to reside in the same building, a redistricting plan effective June 8, 1981 redefined the district in such a manner as to place Bayor’s residence approximately 125 feet outside the new district lines. Unaware of the change, Bayor obtained and was the subscribing witness for 368 signatures on the Ryan petition. The referee, relying upon the substantial compliance concept of Matter of Rosen v McNab (25 NY2d 798) and the holding in Matter of McManus v De Sapio (5 NY2d 773), recommended validation of the petition. Special Term, however, rejected the referee’s recommendation. The Appellate Division reversed, on the law and in the interest of justice, one Justice dissenting, and the matter is before us on an appeal of right.
Our recent decisions have made clear that the failure of a designating petition to comply with an element that the Legislature has deemed essential is a fatal defect. In Matter of Alamo v Black (51 NY2d 716), the failure to include in the subscribing witness’ statement a declaration that the signers had subscribed on the dates shown in spaces adjacent to their signatures invalidated the designating petitions; in Matter of Higby v Mahoney (48 NY2d 15), the failure to set forth in the petition the assembly district in in which the subscribing witness resided was likewise fatal, even though the town in which the election was to be held *518 was wholly within a single assembly district and the witness had been advised by Board of Elections personnel that the assembly district number could be omitted. Though the Legislature has made clear that the petition need only be “in substantially the following form” (Election Law, § 6-132, subd 1) and that the form of the subscribing witness’ statement need only be “substantially” as set forth (subd 2), its substantial compliance provisions are limited to the statutorily prescribed format and do not permit deviations as to statutorily prescribed qualifications of signers, witnesses or candidates or the contents of the petition (Matter of Alamo v Black, supra, p 717). Nor are we aware of any provision of law which authorizes a court to permit deviations from such qualifications or contents in the exercise of discretion or in the interest of justice (see Matter of Hutson v Bass, 54 NY2d 772 [decided herewith]).
To the argument advanced by petitioner and adopted by the Appellate Division that to construe the residence requirement strictly is to defeat the will of the voters who signed the petition though they and the subscribing witness all acted in good faith, it is a sufficient answer that-when the Legislature sought to avoid such a consequence it knew how to do so. Thus, the same subdivision 2 of section 6-132 under consideration relaxes its residence requirement when the position in question is the party position of member of the county committee. Further, the Legislature has specifically provided for the situation in which the candidate himself is redistricted out of his prior political subdivision. Thus, to the requirement that an assembly district leader reside within the district subdivision 3 of section 2-110 of the Election Law makes specific exception for “the first election next ensuing after a readjustment or alteration of the units of representation becomes effective”, in that instance requiring only that the candidate have been a resident of the county in which the district is contained for 12 months past (see, also, the similar provision of section 7 of article III, of "the New York Constitution, relating to the qualification of a candidate for Senate or member of Assembly after a reapportionment).
Finally with respect to the validity of the petition, we *519 note that neither Matter of McManus v De Sapio, 5 NY2d 773 (supra) nor Matter of Verdi v Mattera (32 NY2d 837) relied on by appellant and the Appellate Division majority are to the contrary. In Mattera the change of district boundary had been declared invalid, and in McManus the subscribing witness in fact lived within the district and, therefore, was qualified, though he failed to enter the proper election district number in his witness’ statement because the Board of Elections changed the district number after the last date it was permitted to do so.
Appellate argues not only that her petition should be validated but also that the proceeding to invalidate it was not properly served because the wrong zip code was used on the postal receipt. The referee found, however, that the proper name and zip code were used on the letter sent to appellant, a finding which Special Term impliedly affirmed. The Appellate Division, presumably because of its conclusion on the merits, did not discuss the issue and there is nothing before us to indicate that the finding that the proceeding was properly commenced is erroneous as a matter of law.
For the foregoing reasons, the order of the Appellate Division should be reversed, and the judgment of Special Term invalidating the petition should be reinstated, without costs.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in Per Curiam opinion.
Order reversed, without costs, and the judgment of Supreme Court, New York County, reinstated.