■ In the Matter of AARON D. MASLOW et al., Appellants, v MARY C. TOBIN et al., Respondents. — Appeals by petitioners from two judgments of the Supreme Court, Kings County (Slavin, J.; Berkowitz, J.), both dated September 1, 1982, which dismissed the proceeding to invalidate a certain designating petition. Judgment of Justice Slavin reversed, on the law, without costs or disbursements, and the matter is remitted to Special Term for a determination as to the

validity of the designating petition with respect to candidates for county committee in other than the 19th and 36th election districts. Judgment of Justice Berkowitz affirmed, without costs or disbursements. No opinion. Justice Slavin ruled that petitioners Maslow and Goldner, who reside, respectively, in the 36th and 19th election districts of the 45th Assembly District, lacked standing to object to county committee candidates in other than said election districts. He reasoned that subdivision 2 of section 6-154 of the Election Law, which provides that objections to a nominating or designating petition for party position "may be filed * * * by any voter enrolled to vote for such party position", mandates such result. He, therefore, dismissed this proceeding with respect to county committee candidates in other than the 36th and 19th election districts. Prior to the enactment in 1978 of subdivision 2 of section 6-154 of the Election Law it was well settled that an enrolled voter in any election district of an assembly district had standing to challenge the designating petitions of county committee candidates in any election district in the assembly district (see *Matter of Bergner v Meisser,* 10 NY2d 787; *Matter of Mahoney v Lawley,* 301 NY 425; *Matter of Gaines v Board of Elections of County of Nassau,* 32 AD2d 797, affd 25 NY2d 807). The enactment of said section was not, in our view, intended to change the well-settled law. Therefore, we conclude that petitioners Maslow and Goldner have standing to challenge the designating petition of any county committee candidate in the 45th Assembly District and remit to Special Term for a determination as to the merits of petitioners' contentions that the instant designating petition is invalid with respect to certain county committee candidates in the 45th Assembly District. Weinstein, J. P., Brown, Rubin and Boyers, JJ., concur.