■ In the Matter of DAVID Z. DIXLER et al., Respondents, v ORANGE COUNTY BOARD OF ELECTIONS, Appellant, et al., Respondents.—In a proceeding to validate petitions designating David Dixler and John A. Fontana as candidates in the Democratic Party primary election to be held on September 10, 1985 for the public office of member of the Town Council of the Town of Monroe, the appeal is from a judgment of the Supreme Court, Orange County (Green, J.), dated August 15, 1985, which validated two sheets of petitioners' designating petitions and restored them to the primary ballot.

Judgment modified, on the law, by deleting the provision thereof which validated the designating petition of Fontana. As so modified, judgment affirmed, without costs or disbursements, and matter remitted to Special Term for further proceedings consistent herewith.

Special Term had jurisdiction to rule in this proceeding because the Board of Elections was timely served and the objectors before the Board of Elections were thereafter added as parties to the action. The objectors, while not members of the same political party as the candidates, nevertheless had standing to challenge the designating petitions because the Election Law states that such petitions may be objected to by any voter registered to vote for such public office (Election Law § 6-154).

Sheets numbered 4 and 10 of Fontana's designating petition did not contain the office for which candidate Fontana was running and thus must be invalidated as to him. Setting forth the office which a candidate seeks is a substantive requirement of a designating petition and no deviation from the statutorily prescribed content is permitted (Matter of Ryan v Board of Elections, 53 NY2d 515). Since it erroneously validated Fontana's petition as a result of its finding that sheets numbered 4 and 10 were valid, Special Term did not address Fontana's arguments concerning the other signatures invalidated by the Board of Elections. Thus, since the result of our decision today serves to invalidate the 14 signatures contained on sheets numbered 4 and 10, bringing his valid signature

total to an amount 13 less than the required amount and thereby requiring the removal of Fontana from the ballot, this case must be remitted to Special Term for a determination on the other contentions raised by him in this proceeding with respect to the validity of other signatures declared invalid by the Board of Elections.

As to candidate Dixler, the sheets numbered 4 and 10 are in compliance with Election Law § 6-132 and are therefore valid. Dixler thus has a sufficient number of signatures to remain on the ballot. Accordingly, we affirm as to Dixler. Mollen, P. J., Mangano, Thompson, Rubin and Lawrence, JJ., concur.