(August 23, 1985)

■ In the Matter of JOSEPH M. PURTELL, Appellant, v JOSEPH KUCZEK et al., Constituting the Board of Elections of the County of Montgomery, et al., Respondents. (And 13 Related Proceedings.)—Per Curiam. Appeal from an order of the Supreme Court at Special Term (Mercure, J.), entered August 9, 1985 in Montgomery County, which dismissed petitioners' applications, in proceedings pursuant to Election Law § 16-

102, to declare valid petitioners' designating petitions for the office of Montgomery County Democratic Party Committee Member in the September 10, 1985 primary election.

Petitioners are 14 candidates who filed designating petitions for the office of Montgomery County Democratic Party Committee Member in various election districts and wards in the City of Amsterdam, Montgomery County. Based on objections filed by respondents John Sheckton and Paul Wollman, the Montgomery County Board of Elections declared these designating petitions invalid on the ground that the headings of said petitions did not contain a proper designation of the date the next primary election was to be held. The defect was that the year 1985 was omitted from the date. Petitioners each commenced proceedings to set aside the Board's determination and requested that their names appear on the September 10, 1985 primary ballot. Petitioners Edward F. Jones, James Conti, Dennis A. Jablonski, Albert V. Mancini and Diane Morrone filed amended petitions seeking, in the alternative, an order directing the Board to hold a write-in primary. Special Term dismissed petitioners' applications, holding that the failure to include the year in the heading of the designating petitions was a fatal defect since petitioners failed to strictly comply with one of the statutory commands of Election Law § 6-132 (1). Special Term also dismissed the five amended petitions on the ground that they were not timely served pursuant to Election Law § 16-102 (2). Petitioners now appeal.

Election Law § 6-132 (1) clearly mandates that each sheet of a designating petition must contain the date of the next primary election. The Court of Appeals has made it clear that although substantial compliance with the requirements of the Election Law is acceptable as to details of form, strict compliance is required as to matters of prescribed content (*Matter of Hutson v Bass*, 54 NY2d 772, 774; *Matter of Ryan v Board of Elections*, 53 NY2d 515, 518; *Matter of Alamo v Black*, 51 NY2d 716, 717). Since the date of the next primary election is a matter specifically prescribed by Election Law § 6-132 (1) (*Matter of O'Connor v Salerno*, 105 AD2d 487; *Matter of Braxton v Smolinski*, 89 AD2d 1053, *lv denied* 57 NY2d 605), strict compliance is mandatory. The question therefore is whether "September 10", standing alone without the year, constitutes the date as that term is used in the statute.

The dictionary defines the word date as "a statement or formula * * * that specifies the time (as day, month, and year)" (Webster's Third New International Dictionary 576

[unabridged 1981]). Black's Law Dictionary further defines the word date as "[t]he specification or mention, in a written instrument, of the time (day, month and year) when it was made" (Black's Law Dictionary 356 [5th ed]). In order to designate the date, petitioners were therefore required to include not only the month and the day, but also the year. Consequently, to strictly comply with the statute, all three components must be included. "[T]o comply with the requirements of the Election Law, the day, month and year * * * must appear upon the petition. Failure to specify the year constitutes a fatal defect" (*Matter of Muldoon,* 123 NYS2d 711, 712).

The five petitioners who filed amended petitions contend that if their designating petitions are not valid, certain positions will not be filled which would leave certain members of the enrolled electorate without a choice in the September 10, 1985 primary. In the districts and wards in which petitioners Edward Jones, James Conti and Diane Morrone are running, there are two available party positions. In each case, the designating petitions of all those seeking the two available positions have been invalidated. Consequently, neither position in each district and ward will be filled at the primary election. Petitioners Dennis Jablonski and Albert Mancini also are running from districts and wards where there are two available party positions. By invalidating their designating petitions, said petitioners argue that only one position can be filled at the primary election. Special Term dismissed all of the amended petitions on the ground that they were not timely served.

Absent some statutory provision providing otherwise, the only pleadings that may be filed in a special proceeding are those mentioned in CPLR 402, unless, as that statute provides, the court so authorizes. Consequently, it appears that since Special Term did not authorize the amended petitions, they must be dismissed. However, it also appears that the relief requested in said amended petitions can be awarded, if appropriate, based on the relief requested in the original petitions which asked for "further and other relief as may be just and proper".

With regard to petitioners Jones, Morrone and James Conti, the Board shall provide an opportunity to ballot in their respective districts and wards. To do otherwise would cause the total foreclosure of the rights of certain of the enrolled electorate to express their choice at the polls because no

positions will be filled in these respective districts and wards. In *Matter of Brown v Ulster County Bd. of Elections* (48 NY2d 614), it was held that in those situations where persons are denied their opportunity to express their choice at the polls, the court can, in the interest of justice, direct the Board to submit to the electorate an opportunity to write in the names of the candidates for the office at issue (*see also, Matter of Hunting v Power,* 54 Misc 2d 120, *affd* 28 AD2d 826, *affd* 20 NY2d 680). With regard to petitioners Jablonski and Mancini, however, the Democratic electorate in their respective districts and wards will not totally be disenfranchised since, in each, there still remains one position which can be filled. We feel that this situation does not warrant the opportunity to ballot provided by *Brown,* especially since there would be the chance that, if a write-in primary were allowed, the candidate remaining on the ballot who strictly complied with the Election Law could lose.

Order modified, on the facts, without costs, by directing the Montgomery County Board of Elections to provide for an opportunity to ballot for the office of Montgomery County Democratic Party Committee Member for the First District, Second Ward of the City of Amsterdam, First District, Fifth Ward of the City of Amsterdam and the Second District, Fifth Ward of the City of Amsterdam, and, as so modified, affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.