■ In the Matter of H. RICHARD BARRETT, Respondent, v GEORGE P. SCARINGE et al., Constituting the Albany County Board of Elections, et al., Appellants.—Per Curiam. Appeal from a judgment of the Supreme Court at Special Term (Williams, J.), entered August 13, 1985 in Albany County, which granted petitioner's application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the designating petition naming respondent Nicholas J. Coluccio as the Democratic candidate for the office of Alderman of the City of Albany in the September 10, 1985 primary election.

Petitioner and respondent Nicholas J. Coluccio are both candidates seeking the Democratic nomination for the public office of Alderman from the 15th Ward in the City of Albany. Petitioner timely filed general and specific objections to Coluccio's designating petition alleging, *inter alia,* that the cover sheet violated Election Law § 6-134 (2) in that it did not accurately state the total number of signatures contained in the petition. The basis for this objection was the fact that the cover sheet stated that the petition contained 789 signatures

when, in fact, the petition contained 790 signatures.* This discrepancy arose from an error on page 21 of the 52-page petition; 20 signatures appeared on that page while the witness statement claimed only 19 signatures. The Albany County Board of Elections rejected petitioner's challenge to Coluccio's designating petition. Petitioner then commenced a proceeding seeking to invalidate Coluccio's designating petition. Special Term granted petitioner's application, holding that there had not been strict compliance with the provisions of Election Law § 6-134 (2) in that the cover sheet did not accurately reflect the number of signatures contained in the designating petition. This appeal by respondents ensued.

Election proceedings are governed by the well-established principle that there must be *strict* compliance with substantive statutory mandates, while *substantial* compliance is all that is required when dealing with matters regarding form (*see, e.g., Matter of Ryan v Board of Elections,* 53 NY2d 515, 517-518; *Matter of Alamo v Black,* 51 NY2d 716, 717; *Matter of Ruiz v Sachs,* 43 NY2d 894, 895). Equally well established is the rule that Election Law § 6-134 (2), the particular subdivision involved in the instant proceeding regarding the contents of a designating petition's cover sheet, deals with matters of substance (*Matter of Engert v McNab,* 60 NY2d 607, 608; *Matter of Smith v Mahoney,* 60 NY2d 596, 597; *Matter of Hutson v Bass,* 54 NY2d 772, 773-774). Based on these principles, petitioner argues that it was necessary for the cover sheet of the designating petition to state the exact number of signatures contained in the petition. Any other number, petitioner contends, regardless of the magnitude of the overstatement or understatement, is incorrect and therefore not in strict compliance with the statutory mandate.

This case is a classic example of a technical irregularity that does not justify invalidating the designating petition. The degree of error involved, an understatement by one signature, should not be ignored, as two recent decisions of the Court of Appeals instruct. In *Matter of Hargett v Jefferson* (63 NY2d 696), it was held that an overstatement of more than 1,200 signatures rendered the designating petition invalid. However, in *Matter of Jonas v Black* (63 NY2d 685, *affg* 104 AD2d 466), the Court of Appeals affirmed a decision of the Appellate Division, Second Department, which refused to invalidate a designating petition where the number of signatures was

---

* Coluccio's answer states that only 158 valid signatures were needed for nomination.

understated by five. The strict compliance standard was enforced in *Hargett* for the apparent reason that such a broad overstatement of the number of signatures is misleading as to the over-all validity of the designating petition. The same cannot be said of the designating petition in *Jonas,* which involved an inadvertent understatement of minimal consequence. The instant case is more akin to *Jonas* such that the error was inconsequential and does not warrant invalidation of the designating petition (*see, Matter of Fromson v Lefever,* 112 AD2d 1064; *Matter of Siwek v Mahoney,* 113 AD2d — [4th Dept, Aug. 21, 1985]). We note in this regard that the parties concede, and Special Term found, that there was no fraud involved.

Petitioner raised two other challenges to the designating petition which were rejected by Special Term. First, it is claimed that the pages of the petition did not contain a sufficient designation of the public office being sought by the candidate (Election Law § 6-132 [1]) since the office is simply described as "Alderman 15th Ward" without specifying "City of Albany". Special Term properly rejected this challenge. The description of the office must be "sufficiently informative * * * so as to preclude any reasonable probability of confusing or deceiving the signers, voters or board of elections" (*Matter of Donnelly v McNab,* 83 AD2d 896). Here, the candidate's address, which indicates that he resides in the City of Albany, appears on every page of the designating petition (*see, Matter of Liepshutz v Palmateer,* 112 AD2d 1101). Also, the words "City of Albany" are printed at the top of each page of the designating petition.

Finally, we reject petitioner's claim that the designating petition is invalid for failure of each signer to state his or her city or town (Election Law § 6-130 [1]). While there is no space provided for each signer to indicate a city or town, the words "City of Albany" appear across the top of the columns for signers to indicate their election districts and wards, thus satisfying the statute (*see, Matter of Sheehan v Aylward,* 54 NY2d 934, 936).

Judgment reversed, on the law, without costs, and petition dismissed. Mahoney, P. J., Casey, Weiss and Levine, JJ., concur.

Kane, J., dissents and votes to affirm in the following memorandum. Kane, J. (dissenting). I respectfully dissent. Both *Matter of Hargett v Jefferson* (63 NY2d 696, *revg* 104 AD2d 464) and *Matter of Jonas v Black* (63 NY2d 685, *affg* 104 AD2d 466) were argued on the same date and handed down on the same date by the Court of Appeals. Inexplicably however,

the Court of Appeals reached different results in the two cases using different standards of review. In *Matter of Hargett v Jefferson (supra)*, the Court of Appeals reversed the Second Department and reiterated the rule that the cover sheet requirements contained in Election Law § 6-134 (2) are matters of substance requiring strict compliance. The court instructed us that the "characterization of the overstatements as inadvertent mathematical errors of commission, rather than acts of omission, does not excuse the admitted failure to strictly observe the statutory commands" (*id.*, p 698). Despite this language, the Court of Appeals affirmed the Second Department in *Matter of Jonas v Black (supra)* for the reasons stated in that court's memorandum, which had specifically utilized the "substantial compliance" test.

While the conflicting results reached in the two cases could be justified due to factual differences in the magnitude and type of errors involved, I am unable to reconcile the different legal analyses employed in the two decisions. It appears that if a statutory provision (such as Election Law § 6-134 [2]) is deemed one of substance requiring application of the "strict compliance" standard, any analysis using a "substantial compliance" test inappropriate. Furthermore, the only manner in which one can strictly comply with a requirement mandating that the number of signatures contained in a designating petition be placed on the cover sheet is to use the correct figure. Any other number, regardless of the magnitude of the overstatement or understatement, is incorrect and therefore not in strict compliance with the statutory mandate.

It is my view that the Court of Appeals decision in *Hargett* represents the standard which must be applied in this case and that Special Term should be affirmed. The *Jonas* case appears to be an aberration as the "substantial compliance" rationale of that case is not consistent with prior Court of Appeals case law dealing with matters of substance in general and Election Law § 6-134 (2) in particular (*Matter of Engert v McNab*, 60 NY2d 607; *Matter of Smith v Mahoney*, 60 NY2d 596; *Matter of Hutson v Bass*, 54 NY2d 772; *see also, Matter of Higby v Mahoney*, 48 NY2d 15). The judgment should, therefore, be affirmed.