(August 21, 1987)

■ In the Matter of JAMES H. BOULDIN, Respondent, v GEORGE R. SCARINGE et al., Constituting the Board of Elections of the County of Albany, Respondents, and SARA E. LOGAN, Appellant.—Per Curiam. Appeal from a judgment of the Supreme Court (Cobb, J.), entered August 13, 1987 in Albany County, which granted petitioner's application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the designating petition naming respondent Sara E. Logan as the Democratic candidate for the office of Albany County Legislator, Third Legislative District, in the September 15, 1987 primary election.

Petitioner filed a petition with the Albany County Board of Elections designating him as a candidate for the Democratic Party nomination for the office of Albany County Legislator, Third Legislative District, at the September 15, 1987 primary election. Respondent Sara E. Logan (hereinafter respondent) filed a designating petition on July 15, 1987 purporting to name her as a candidate for the Democratic Party nomination for the same public office. Petitioner commenced this proceeding to declare respondent's designating petition invalid. Respondent answered and raised several jurisdictional objections. Supreme Court rejected respondent's jurisdictional objections and granted petitioner's application to declare respondent's designating petition invalid. Respondent appeals.

Initially, we concur with Supreme Court's rejection of respondent's jurisdictional objections. Turning to the merits of the proceeding, petitioner contends that respondent's designating petition failed to accurately describe the elective office being sought on its cover sheet and individual pages, and that the petition, which was held together by a spring clip, was not properly bound.

The cover sheet and individual pages of a designating petition must set forth the public office being sought *(Matter of Liepshutz v Palmateer,* 112 AD2d 1101, *affd* 65 NY2d 965; *Matter of Barrett v Scaringe,* 112 AD2d 1095, 1097, *affd* 65 NY2d 946). This is a "substantive requirement of a designating petition and no deviation from statutorily prescribed content is permitted" *(Matter of Dixler v Orange County Bd. of Elections,* 112 AD2d 1075, citing *Matter of Ryan v Board of Elections,* 53 NY2d 515). However, as this court pointed out in *Matter of Liepshutz v Palmateer (supra),* since the public office can be described in a variety of ways "a rule has developed which allows a description of the office which is 'sufficiently

informative * * * so as to preclude any reasonable probability of confusing or deceiving the signers, voters or board of elections' " (supra, at 1101-1102, quoting Matter of Donnelly v McNab, 83 AD2d 896, lv denied 54 NY2d 603). In this case, the elective office being sought is Albany County Legislator, Third Legislative District. However, on the cover sheet and pages 3 through 55 of the designating petition, respondent identifies the office as "Albany County Legislator, Third Ward". In addition, pages 1 and 2 of the petition identify the office as "Albany County Legislator". Ward boundaries are relevant to the election of members of the Albany City Common Council, but not Albany County Legislators. The misidentification is critical since ward boundaries are not the same as those of county legislative districts. While all of the Third Ward is located within the Third Legislative District, that legislative district also contains part of the Fourth Ward. Thus, confusion could result. This case is thus unlike Liepshutz and Barrett where confusion caused by a missing geographic component of the title of the elective office could be avoided by a simple examination of the designating petition. Since this error concerns a matter of content, the petition must be invalidated.

The second objection to the petition is also well taken. Election Law § 6-134 (2) states that "[s]heets of a designating petition shall be bound together in one or more volumes". This binding requirement has been held to be a requirement of content rather than form (Matter of Braxton v Mahoney, 63 NY2d 691, 692, revg 104 AD2d 729) such that strict compliance is required (see, Matter of Hutson v Bass, 54 NY2d 772, 774). While the statute requiring binding is not without some ambiguity, it is clear that the spring clip used here is not sufficient (see, Matter of Braxton v Mahoney, supra). Thus, the statute was not complied with.

Judgment affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.