OPINION OF THE COURT
S. Barrett Hickman, J.
In this election proceeding, commenced pursuant to Election Law § 16-102, petitioners seek a judgment declaring valid the *348 nominating petition of David E. Reis as candidate of the Honest Choice Party for the position of Councilman, Ward 2, Town of Wappinger, County of Dutchess, State of New York.
The proceeding should be dismissed.
On August 18, 1987, petitioner Reis’s (petitioner) independent nominating petition was filed with the Dutchess County Board of Elections (Board). Respondent Charles Coughlin thereafter timely filed general and specific objections. Subsequently, on September 10, 1987, the Board sustained the objections and ruled that the nominating petition was invalid. In its determination, the Board stated: "The Board of Elections ruled that the petition is invalid because New York State Election Law section 6-140 requires that the committee to fill vacancies must consist of at least three members, all of whom are members of the political subdivision for the nominated candidate who is running for office. The petition contains six members of the committee to fill vacancies. Only one of these are residents of the 2nd ward, Town of Wappinger.” Petitioner maintains, and respondents do not contest, that he was notified of the Board’s decision on September 15, 1987. This proceeding was commenced by service of an order to show cause on September 16, 1987.
Initially, the court rejects respondents’ contention that the proceeding was not timely commenced under Election Law § 16-102 (2) (see, Matter of Pell v Coveney, 37 NY2d 494). Similarly, respondents’ argument that petitioners failed to comply with the Uniform Rules for Trial Courts (22 NYCRR) is without merit.
However, it is the court’s opinion that petitioner’s nominating petition is fatally defective because it does not comply with the mandates of Election Law § 6-140.
Section 6-140 (1) provides for the form and content of independent nominating petitions. With regard to the committee to fill vacancies, the statutory form states: "I do hereby appoint ................. (here insert the names and addresses of at least three persons, all of whom shall be registered voters within such political unit), as a committee to fill vacancies in accordance with the provisions of the election law.” The term "political unit” as used in the statute means "the state or any political subdivision thereof or therein” (Election Law § 1-104 [1]). The term "political subdivision” is not defined in the Election Law.
In conjunction, the cited statutory provisions have been *349 interpreted to require that members of the committee to fill vacancies must reside and be registered voters within the appropriate subdivision (see, Matter of Dolan v Platt, 72 AD2d 647). It has been held, however, that a petition is not rendered invalid where one of the members of the committee is disqualified, but where a majority of the committee members are qualified (Matter of Santucci v Power, 14 NY2d 764; Matter of Brennan v Power, 307 NY 818). These cases do not apply to the present situation, if in fact the Board was correct in determining that the 2nd Ward in the Town of Wappinger was the appropriate political subdivision. It is uncontested that only 1 of the 6 members was a resident of the 2nd Ward, although all 6 members were residents of the town.
Petitioners argue that there is no reasonable interpretation of the statute by which the term “political subdivision” can encompass any governmental organization smaller than a town or city (cf, Executive Law § 331 [3]; General Municipal Law § 100 [1]). The court cannot agree.
Numerous judicial opinions indicate that the definition of "political subdivision,” as used in the Election Law, is a concept with some degree of flexibility. For instance, the term has been applied to a city council district (Matter of Ryan v Board of Elections, 53 NY2d 515); a municipal court district within the Borough of Brooklyn (Matter of Richards, 221 NY 684); and a county legislative district (Matter of Cola v D'Apice, 112 AD2d 1060, 1061; Matter of Dolan v Platt, supra). Thus, petitioners’ contention that a political subdivision cannot include a ward within a town is without basis.
A fair reading of the statutory section which enables adoption of the ward system (Town Law § 85) leads to the conclusion that, while the position of councilman is a "town” position, the Legislature intended each councilman to represent the particular interests of the ward in which he or she resides. Thus, this court agrees with the Board of Elections that the 2nd Ward was the appropriate political subdivision for the purposes of construing Election Law § 6-140.
Furthermore, the court cannot hold, as petitioners request, that there has been "substantial compliance” with the statute where only 1 member out of 6 on the committee to fill vacancies is qualified. The eligibility requirement of Election Law § 6-140 deals with qualifications of committee members rather than with mere format of the nominating petition. Thus, it cannot be easily disregarded (see, Matter of Ryan v *350 Board of Elections, supra, at 518; Matter of Barrett v Scaringe, 112 AD2d 1095, 1096).
While at least one court has applied a "substantial compliance” analysis to the eligibility requirement (Matter of Ryan v Axelrod, 72 AD2d 646), it was clear in that case that "to conclude otherwise would deprive the electorate of the opportunity of choice between candidates” (72 AD2d, at 647). In the instant proceeding, it is admitted that petitioner Reis currently occupies both the Republican and Conservative lines. Thus, the same policy considerations are not present.
In summary, petitioner David E. Reis’s nominating petition was fatally defective, and the court cannot now validate it.
It is thereby ordered, adjudged and decreed, that the proceeding is dismissed.