THIRD DEPARTMENT, SEPTEMBER, 1988

(September 9, 1988)

■ In the Matter of HARRY S. PARKER et al., Respondents-Appellants, v PETER J. SAVAGO et al., Constituting the Ulster County Board of Elections, Respondents, and JOHN T. CASEY et al., Appellants-Respondents.—Per Curiam. Cross appeals from an order of the Supreme Court (Connor, J.), entered September 1, 1988 in Ulster County, which partially granted petitioners' application, in a proceeding pursuant to Election Law § 16-102, to declare valid petitioners' designating petitions for the position of Member of the Ulster County Democratic Committee in the September 15, 1988 primary election.

On July 12, 1988, the eight petitioners filed designating petitions for the party position of Member of the Ulster County Democratic Committee, two from each of the four election districts in the Town of Gardiner. Respondent John T. Casey, Chairman of the Town of Gardiner Democratic Committee (hereinafter Committee), filed general objections to the petitions on July 14, 1988 (see, Election Law § 6-154 [2]). Specifications, signed by Casey and respondent Katherine Bellis in their respective capacities as Chairman and Secretary of the Committee, were filed on July 20, 1988, raising, inter alia, the ground that each of the petitions failed to properly identify the party position being sought (see, Election Law § 6-154 [2]). The Ulster County Board of Elections (hereinafter Board) invalidated each of the petitions on other grounds, and petitioners commenced this proceeding pursuant to Election Law § 16-102 to set aside the Board's determina-

tion or, in the alternative, requesting that the Democratic voters in the Town of Gardiner be given the opportunity to ballot. Casey and Bellis counterclaimed in their answer for invalidation of the petitions upon the grounds alleged in the specifications submitted to the Board. Supreme Court, after rejecting a challenge to the standing of Casey and Bellis, determined that the petitions adequately identified the party position sought but upheld the Board's determination to invalidate five of the petitions on various other grounds. Supreme Court determined, however, that the designating petitions of petitioners Richard E. Jansen, Jr., Frank E. Cobun, Jr., and William Allenson were valid and reversed the determination of the Board as to them. Casey and Bellis appeal from that part of Supreme Court's order which declared valid the designating petitions of Jansen, Frank E. Cobun, Jr., and Allenson. The remaining petitioners cross-appeal from that part which sustained the Board's invalidation of their petitions.

In determining the standing issue, Supreme Court relied upon the holding of the Second Department in *Matter of Maslow v Tobin* (89 AD2d 976, 977, *lv denied* 57 NY2d 606) that, notwithstanding the December 1, 1978 amendment to Election Law § 6-154 (2) *(see,* L 1978, ch 373, § 62), "an enrolled voter in any election district of an assembly district had standing to challenge the designating petitions of county committee candidates in any election district in the assembly district". However, this determination was overruled *sub silentio* by the Court of Appeals in *Lucariello v Niebel* (72 NY2d 927, 928). It is now clear that an objector to a petition for a party position must be a resident of the election district for which the candidate seeks office and enrolled to vote for the position *(see, supra).* Casey, an enrolled resident of election district 1 of the Town of Gardiner,[1] was therefore entitled to file objections to the designating petitions of petitioners Harry S. Parker and Barbara K. Fuchs for Member of the Ulster County Democratic Committee from election district 1.

However, as properly asserted by Casey and Bellis in their reply brief, an "aggrieved candidate", although not a proper objector under Election Law § 6-154 (2), has standing to bring a judicial proceeding to contest the designation of a candidate for party position under Election Law § 16-102 (1). Casey had standing to bring a proceeding under Election Law § 16-102 (1) as Committee Chairman, notwithstanding his concession at

---

1. This fact, although not clear at the time of Supreme Court's consideration of the matter, has been confirmed by a submission from the Board.

oral argument to the contrary, and regardless of whatever actions he may have taken pursuant to the provisions of Election Law § 6-154 (2). Therefore, the counterclaim asserted in Casey and Bellis' answer to petitioners' application, the legal equivalent of a petition under Election Law § 16-102, timely brought Casey's objections before Supreme Court *(see,* Siegel, NY Prac § 48, at 49-50).[2]

Turning to the merits of the proceeding, Casey and Bellis contend that the designating petitions filed by petitioners fail to accurately describe a party position to which petitioners can be designated or elected at the primary election on September 15, 1988. On each of the eight designating petitions, petitioners identify the position being sought as either "Democratic Committee Town of Gardiner" or "Democratic Party Committee Town of Gardiner" rather than Ulster County Democratic Committee. Casey and Bellis argue that this misidentification of the party position is a fatal defect requiring invalidation of petitioners' designating petitions.

Courts have consistently held that there must be strict compliance with the mandates of Election Law § 6-132 (1), which requires that a designating petition set forth the public office or party position being sought *(Matter of Bouldin v Scaringe,* 133 AD2d 287, *lv denied* 70 NY2d 604; *Matter of Liepshutz v Palmateer,* 112 AD2d 1101, *affd* 65 NY2d 965). Setting forth this information "is a substantive requirement of a designating petition and no deviation from the statutorily prescribed content is permitted" *(Matter of Dixler v Orange County Bd. of Elections,* 112 AD2d 1075, citing *Matter of Ryan v Board of Elections,* 53 NY2d 515). Since a party position or public office can be described in several different ways, "a rule has developed which allows a description of the [position] which is 'sufficiently informative * * * so as to preclude any reasonable probability of confusing or deceiving the signers, voters or board of elections' " *(Matter of Liepshutz v Palmateer, supra,* at 1101-1102, quoting *Matter of Donnelly v McNab,* 83 AD2d 896, *lv denied* 54 NY2d 603; *see also, Matter of Bouldin v Scaringe, supra,* at 287-288).

We conclude that the description of the party position which appears on each of the eight designating petitions is

2. Although not necessary for determination of the appeals, it also appears that Casey, as candidate for Member of the Ulster County Democratic Committee from election district 2, and Bellis, a candidate from election district 4, were "aggrieved candidate[s] within the meaning of Election Law § 16-102 (1) and had standing to contest the petitions filed with respect to those districts on that basis as well.

capable of confusing or deceiving the signers and, therefore, each petition should be invalidated. The description of any public office or party position is comprised of two components, (1) the title of the position or office and (2) the geographic territory covered by the position or office. This case is unlike those cases where a candidate has omitted a geographic territory and yet the designating petitions have been held valid (see, Matter of Liepshutz v Palmateer, supra; Matter of Donnelly v McNab, supra; Matter of Murray v Coveney, 39 AD2d 932). In each of those cases, the courts found that when reading the designating petition as a whole, the missing information could be discerned. Here, one cannot determine by reading the designating petition that petitioners intend to run for the position of Member of the Ulster County Democratic Committee and not the Town of Gardiner Democratic Committee. There is a blatant misidentification which is critical and misleading since there is no election for the position of Member of the Town of Gardiner Democratic Committee.

Last, we reject petitioners' contention that there should be an opportunity to ballot even though there are two other valid designating petitions from each of the four election districts to fill the two vacant party positions available from each election district. In Matter of Brown v Ulster County Bd. of Elections (48 NY2d 614, 616), the Court of Appeals stated that, under Election Law § 16-100, the court has the power to direct a Board of Elections to submit to the electorate an opportunity to ballot (see, Matter of Hunting v Power, 54 Misc 2d 120, affd 28 AD2d 826, affd 20 NY2d 680). In our view, the opportunity to ballot should only be granted in those situations when "[t]o do otherwise would cause the total foreclosure of the rights of certain of the enrolled electorate to express their choice at the polls" (Matter of Purtell v Kuczek, 112 AD2d 1092, 1094); in other words, if no positions will be filled unless an opportunity to ballot had been granted. Here the remedy is not warranted "especially since there would be the chance that, if a write-in primary were allowed, the candidate remaining on the ballot who strictly complied with the Election Law could lose" (Matter of Purtell v Kuczek, supra, at 1095).

For the reasons stated above, the petition in this proceeding should have been denied and the counterclaim granted in its entirety.

Order modified, on the law, without costs, by reversing so much thereof as partially granted the petition; petition dis-

missed in its entirety; and, as so modified, affirmed. Kane, J. P., Casey, Weiss, Mikoll and Mercure, JJ., concur.