■ In the Matter of FRED D. KNAPP, Appellant, v DUTCHESS COUNTY BOARD OF ELECTIONS et al., Respondents, and DAVID S. MARTIN, Respondent. [661 NYS2d 272] —In a proceeding to invalidate a petition designating David S. Martin as a candidate in a primary election to be held on September 9, 1997, for the nomination of the Republican Party as its candidate for the public office of Common Council Member, Sixth Ward, City of Poughkeepsie, the appeal is from a judgment of the Supreme Court, Dutchess County (Jiudice, J.), dated July 30, 1997, which, after a hearing, dismissed the proceeding.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is granted, and the Dutchess County Board of Elections is directed to remove the name of David S. Martin from the appropriate ballot.

The petitioner alleges that the petition designating David S. Martin as a candidate in the primary election for the nomination of the Republican Party as its candidate for the public office of Common Council Member, Sixth Ward, City of Poughkeepsie, should be invalidated because it contained fewer than the required number of signatures due to the fact that three of the four subscribing witnesses resided outside of the Sixth Ward. Election Law § 6-132 (2) provides that the subscribing witness to a designating petition must be "a resident of the political subdivision in which the office or position is to be voted for". This provision "is a substantive legislative requirement which may not be relaxed by the courts" (Matter of Ryan v

*Board of Elections,* 53 NY2d 515, 516). The contention of David S. Martin that a ward is not a political subdivision within the meaning of the statute is without merit *(see, Matter of Ryan v Board of Elections, supra; Matter of Cola v D'Apice,* 112 AD2d 1060; *Reis v Coughlin,* 137 Misc 2d 347). Accordingly, the petition to invalidate should have been granted. O'Brien, J. P., Santucci, Joy, Friedmann and Florio, JJ., concur.