(July 27, 2007)

■ In the Matter of THOMAS J. DiCAPRIO et al., Appellants, v EDWARD J. KOSIUR et al., Respondents, et al., Respondents. [840 NYS2d 464]—

Cardona, P.J. Appeal from an order of the Supreme Court (Catena, J.), entered July 23, 2007 in Montgomery County, which dismissed petitioners' application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the certificates of nomination and authorization naming respondent Edward J. Kosiur as the Independence Party candidate for the public office of Member of the State Assembly for the 105th Assembly District in the July 31, 2007 special election.

A special election for the public office of Member of the State Assembly for the 105th Assembly District, which comprises all of Montgomery County and part of Schenectady County, has been called for July 31, 2007. As a result, on July 9, 2007, the executive committee of the Schenectady County Independence Party Committee filed with respondent State Board of Elections certificates of nomination and authorization naming respondent Edward J. Kosiur as the Independence Party candidate for said office. General objections and specifications of objections to said certificates were, in turn, filed by petitioners who are members of the Independence Party residing within the 105th Assembly District. The Board subsequently upheld the certificates as valid. Petitioners commenced this proceeding pursuant to Election Law § 16-102 challenging the certificates of nomination and authorization. Following joinder of issue, Supreme Court dismissed the petition, ruling that the certificates complied with the Rules of the New York State Committee of the Independence Party.

Initially, on this appeal, we find that petitioners adequately complied with Election Law § 6-154 by filing their general objections and specifications in one document and that they were sufficiently specific (see Matter of Van Stockum v Castine, 218 AD2d 915 [1995]). Having filed objections, they were qualified to contest the certificates at issue pursuant to Election Law § 16-102 (1).

Turning to the merits, Election Law § 6-114 provides that "[p]arty nominations for an office to be filled at a special election shall be made in the manner prescribed by the rules of the party." Thus, resolution of this matter turns upon the interpretation of the Rules of the New York State Committee of the Independence Party, specifically, article VI, section 2. That rule, governing nominations for special elections and filling vacancies, states, in pertinent part, as follows: "Nominations for public office to be filled at a special election shall be made by the state executive committee; provided, however, *that if such elec-*

*tive office shall fall within a county which has elected an Independence Party county committee . . . and if the rules of said county committee . . . make provision for the filling of said vacancy, the vacancy shall be filled in accordance with that provision*; and provided further that if such elective office shall fall within more than one county, each of which has elected an Independence Party county committee . . . and if the rules of all of those county committees . . . include the same provisions for the filling of said vacancy, the vacancy shall be filled in accordance with that provision." (Emphasis added.) Pursuant to the above rule, the executive committee of the State Independence Party Committee makes nominations for special elections unless a described exception applies. The first exception is where the public office falls within a county that has an Independence Party county committee and that committee has rules for filling vacancies. The second is where the public office falls within more than one county *and* each county has an Independence Party county committee with rules for filling vacancies, all of which are the same.

The Assembly seat herein falls within two counties, one of which, Schenectady County, has an Independence Party county committee, and the second of which, Montgomery County, does not. Based upon a plain reading of the language of the first exception, the rules of the Schenectady County Independence Party Committee control the filling of the vacant Assembly seat because the seat "falls within" this county and the Schenectady County Independence Party Committee has adopted applicable rules. Under petitioners' construction, this exception would only apply if the Assembly seat fell wholly or exclusively within *one* county. The exception, however, does not contain such restrictive language and is not rendered inapplicable because the Assembly seat at issue happens to also fall within a county that does not have a county committee. While petitioners contend that it is the second exception which is intended to apply to a situation such as this—where a public office falls within more than one county—that exception by its terms only applies where all of the counties have county committees and those committees have the same rules for filling vacancies. That is clearly not the case here as Montgomery County does not have an Independence Party county committee.

In sum, we agree with the interpretation of the rule adopted by Supreme Court and the Board which authorizes the executive committee of the Schenectady County Independence Party Committee to nominate Kosiur as the Independence Party candidate for the public office at issue. This is in keeping with

the Independence Party's policy favoring "local control and autonomy over nominations and authorizations." Contrary to petitioners' claim, we do not find that it violates voting rights or excludes Independence Party members in Montgomery County from participating in the nomination process as they could have had input simply by organizing a county committee. Notably, if petitioners' interpretation of the rule was adopted, Montgomery County Independence Party members would gain no greater opportunity to participate while, by the same token, the authority of the Schenectady County Independence Party Committee would be nullified. Accordingly, Supreme Court properly dismissed the petition.

The remaining contentions raised by petitioners and not specifically addressed herein have been examined and found to be unpersuasive.

Spain and Kane, JJ., concur.

Mercure, J. (dissenting). We respectfully dissent. The rule at issue—article VI, section 2 of the Rules of the New York State Committee of the Independence Party—grants the state executive committee of that party the power to make nominations for public office to be filled at a special election. It contains two separate proviso clauses permitting nomination to be made at the county level—first, where the elective office "fall[s] within a county" that has an Independence Party county committee and that committee has rules for filling vacancies; and second, where the public office falls within more than one county and each county has an Independence Party county committee with rules for filling vacancies and those rules are the same. While we agree with the majority that the second proviso clause is inapplicable here, it must be noted that the provisos operate as exceptions to the general rule—they do not modify each other (see McKinney's Cons Laws of NY, Book 1, Statutes § 212, at 371 ["The operation of a proviso is usually and properly confined to the clause or distinct portion of the enactment which immediately precedes it and does not, in the absence of a manifestly shown intent, extend to or qualify other sections or portions of the statute"]). Thus, it is simply irrelevant to an analysis of the first proviso clause to note—as the majority and respondents do—that the second clause does not apply here; the inapplicability of the second clause does not automatically render the first clause applicable.

In our view, the critical point to be emphasized is that the proviso clauses are exceptions to the general rule. As such, they "must be strictly construed . . . [to] extend only so far as their language fairly warrants, and all doubts should be resolved in

favor of the general provision rather than the exception" (Mc-Kinney's Cons Laws of NY, Book 1, Statutes § 213, at 372-373). The majority does just the opposite. Relying on the fact that the first proviso clause uses the phrase "falls within a county," rather than "falls wholly or exclusively within a county," the majority interprets the first proviso clause broadly to conclude that it must apply here. The rule, however, does not contain the phrase "falls partially within a county" either—a phrase that the majority effectively reads into the rule in finding the first exception applicable here. This interpretation both violates the rules of construction noted above and improperly renders the second proviso clause superfluous (*see* McKinney's Cons Laws of NY, Book 1, Statutes § 231; *see also Majewski v Broadalbin-Perth Cent. School Dist.*, 91 NY2d 577, 587 [1998])—any time an elective office falls within two counties that have both elected committees, it will "fall [partially] within a county which has elected an Independence Party county committee." If the majority's interpretation were correct, there would simply be no need for the second exception to the general rule.

We would limit the rule to its terms. The elective office at issue here does not "fall within *a* county," as the rule requires on its face; rather, it falls within *two* counties. Construing the first proviso clause narrowly, the exception contained therein is thus inapplicable here. Such a result is not only consistent with principles of statutory interpretation, but also prevents absurd results. For example, if Montgomery County did have a county committee with different rules from that of the Schenectady County Committee, the second exception would not apply. In such circumstance, under the majority's interpretation of the rule, nothing would prevent either committee from arguing that the first exception applied, thus raising the possibility of different county committees nominating different candidates for the same office. Moreover, while the procedural posture of this case would result in the nullification of the nomination made by the Schenectady County Committee without providing Montgomery County Independence Party members a greater opportunity to participate if petitioners' interpretation is adopted, that interpretation also prevents the Schenectady County Committee from imposing its will upon Montgomery County Independence Party members simply because the members in the latter county have not chosen to elect a county committee.

In short, because neither exception to the general rule is applicable here, we would vote to reverse and grant the petition.

Carpinello, J., concurs. Ordered that the order is affirmed, without costs..