(February 22, 2008)

■ In the Matter of ROBERT FEHRMAN et al., Petitioners, v NEW YORK STATE BOARD OF ELECTIONS et al., Respondents. (Proceeding No. 1.) In the Matter of DARREL AUBERTINE, Respondent, v OSWEGO COUNTY INDEPENDENCE PARTY INTERIM COUNTY ORGANIZATION et al., Respondents, and NEW YORK STATE COMMITTEE OF THE INDEPENDENCE PARTY OF NEW YORK et al., Appellants. (Proceeding No. 2.) [851 NYS2d 721]—

Spain, J. Appeal from an order of the Supreme Court (Devine, J.), entered February 19, 2008 in Albany County, which granted petitioners' applications, in two proceedings pursuant to Election Law § 16-102, to declare invalid the certificates of nomination and authorizations naming Will Barclay and Darrel Aubertine as the Independence Party candidate for the public office of State Senator for the 48th Senate District in the February 26, 2008 special election.

A special election for the public office of State Senator for the 48th Senate District, which encompasses all of Oswego and Jefferson Counties and part of St. Lawrence County, has been called for February 26, 2008. In anticipation thereof, on February 1, 2008, respondent Jefferson County Independence Party filed with respondent State Board of Elections a certificate of nomination and authorization purporting to name Darrel Aubertine, a registered Democrat, as the Independence Party candidate for that office. Shortly thereafter, on February 4, 2008, respondent Oswego County Independence Party Interim County Organization filed with the State Board a certificate of nomination and authorization purporting to name Will Barclay, a registered Republican, as the Independence Party candidate for the same office. St. Lawrence County does not have an organized Independence Party.

On February 6, 2008, Robert Fehrman, an enrolled member of the Independence Party who is registered to vote in Oswego County, and Barclay commenced proceeding No. 1 seeking, among other things, to invalidate Aubertine's certificate and authorization. In his answer, Aubertine asserted various grounds seeking dismissal of the petition and a counterclaim wherein he argued that, under the rules of respondent New York State Committee of the Independence Party of New York (hereinafter the State Committee), neither he nor Barclay were entitled to be the Independence Party candidate. On February 13, 2008, Aubertine commenced proceeding No. 2, essentially asserting the same grounds raised in his counterclaim as a basis to have Barclay's certificate and authorization declared invalid.

Supreme Court conducted separate oral arguments in connection with the two matters and, upon motion by Aubertine, consolidated the two proceedings. The court granted both petitions and enjoined the State Board from placing the name of either Aubertine or Barclay on the Independence Party line on the official ballot. Barclay and the State Committee appeal, and we now affirm.

Initially, we reject the argument that Aubertine lacks standing to seek to invalidate Barclay's certificate and authorization premised on Aubertine's concession that he is not entitled to the Independence Party nomination. In his petition in proceeding No. 2, Aubertine asserts standing as an "aggrieved candidate" pursuant to Election Law § 16-102 (1) on the basis that he is entitled to the Independence Party nomination (*see Matter of Cane v Mahoney*, 40 NY2d 819, 820 [1976]; *Matter of Nicolai v Kelleher*, 45 AD3d 960, 962 [2007]; *Nemoyer v New York State Bd. of Elections*, 125 Misc 2d 1054, 1056 [1984], *affd for reasons stated below* 105 AD2d 488 [1984], *lv denied* 63 NY2d 608 [1984]). No dispute exists that Aubertine was nominated and authorized by the Jefferson County Independence Party Committee, that he accepted that nomination and, had his nomination gone unchallenged, he would have been the Independence Party nominee. Although Aubertine has made a legal argument in the context of these proceedings which, if accepted, could result in the invalidation of both his and Barclay's nominations, we are unpersuaded that such an argument, asserted as a basis of alternative relief, undermines Aubertine's status as an aggrieved candidate (*see Matter of Parker v Savago*, 143 AD2d 439, 440-441 [1988]). This is not a situation where, prior to or during the course of litigation, a board of elections or a court of law has invalidated a candidate's nomination; here, Aubertine was and remained a candidate for the office in ques-

tion up to and until Supreme Court issued its decision (*cf. Matter of White v Bilal*, 21 AD3d 573, 574 [2005], *lv denied* 5 NY3d 824 [2005]; *Matter of Cocco v Moreira-Brown*, 230 AD2d 952, 953 [1996], *appeal dismissed and lv denied* 88 NY2d 971 [1996]; *Matter of Novak v Jones*, 19 AD2d 781, 782 [1963], *affd* 13 NY2d 883 [1963]).

Turning to the merits, we must determine, under article VI (§ 2) of the Rules of the New York State Committee of the Independence Party, what body is authorized to make nominations for special elections. Those rules provide that the nominations are to be made by the Independence Party's State Executive Committee, unless one of two exceptions applies. The first exception provides that "if such elective office shall fall within a county which has elected an Independence Party county committee . . . and if the rules of said county committee . . . make provision for the filling of said vacancy, the vacancy shall be filled in accordance with that provision" (Rules of NY St Comm of Independence Party, art VI, § 2). In *Matter of DiCaprio v Kosiur* (42 AD3d 867 [2007]), we held that this exception can apply where the office falls in more than one county (*see id.* at 869). However, in *DiCaprio*, only one county had an Independence Party committee, whereas here, by contrast, multiple committees are involved. Because the language of the first exception contemplates action by only a single committee, we hold that it does not apply where, as here, there is action by multiple committees.

The second exception provides that "if such elective office shall fall within more than one county, each of which has elected an Independence Party county committee . . . and if the rules of all of those county committees . . . include the same provisions for the filling of said vacancy, the vacancy shall be filled in accordance with that provision" (Rules of NY St Comm of Independence Party, art VI, § 2). We have previously held that this exception cannot apply unless "all of the counties have county committees" (*Matter of DiCaprio v Kosiur*, 42 AD3d at 869). Here, St. Lawrence County does not have a committee; accordingly, the exception cannot apply. Thus, the general rule that the State Executive Committee shall make the nomination controls and, inasmuch as it is conceded by all parties that the State Executive Committee did not nominate a candidate and that the time in which to do so has expired, Supreme Court properly concluded that there is no validly nominated Independence Party candidate.

We have considered, but are unpersuaded by, the parties' remaining contentions.

Cardona, P.J., and Stein, J., concur.

Mercure, J. (dissenting). On constraint of this Court's decision in *Matter of DiCaprio v Kosiur* (42 AD3d 867 [2007]), we respectfully dissent. In our view, respondent New York State Committee of the Independence Party of New York (hereinafter the State Committee) cannot be faulted for relying on *DiCaprio*—as written—to conclude that the first exception in article VI (§ 2) of the Rules of the New York State Committee of the Independence Party applies here. In *DiCaprio*, this Court concluded that the first exception applies *any time* a public office "falls within" a county that has an Independence Party county committee and that committee has adopted applicable rules (*Matter of DiCaprio v Kosiur*, 42 AD3d at 869). That holding was not limited to situations in which the public office falls within multiple counties, only one of which has an organized committee. Indeed, the Court declined to so limit its interpretation of the first exception despite objections from the dissenters that the Court's holding rendered the second exception superfluous, and that if two county committees nominated different candidates for the same office, "nothing would prevent either committee from arguing that the first exception applied" (*id.* at 871 [Mercure, J., dissenting]).

By its terms, *DiCaprio* indicates that the first exception applies when multiple county committees nominate different candidates, as is the case herein. In our view, the State Committee was therefore fully justified, as stated in their brief, in "believ[ing] that under *DiCaprio* . . . and its own rules . . . the weighted vote would win and there was no action necessary by the State Committee." Furthermore, given the State Committee's express reliance upon *DiCaprio*, it seems to us that " '[s]tare decisis is the preferred course because it promotes the evenhanded, predictable, and consistent development of legal principles, fosters reliance on judicial decisions, and contributes to the actual and perceived integrity of the judicial process' " (*People v Taylor*, 9 NY3d 129, 148 [2007] [citation omitted]). Thus, while it is our view that the Court should have adopted in *DiCaprio* the limitation on the first exception that is set forth by the majority today, we cannot join in a decision that essentially disenfranchises the Independence Party due to the Party's reliance upon a decision of this Court that was issued not seven months ago. Accordingly, we would modify the order of Supreme Court by reversing so much thereof as granted the petition in proceeding No. 2 and enjoined respondent New York State Board of Elections from placing Will Barclay's name on the Independence Party line on the official ballot.

Malone Jr., J., concurs. Ordered that the order is affirmed, without costs.